JOSEPH G. WIELAND *vs.* EDWARD J. WHITE.

An attorney, retained by the landlord to prosecute a suit to evict a tenant, has authority
by his retainer, to bind his client by an agreement with the tenant's attorney, that, if the
latter will submit to a default, execution shall not issue for a week afterwards, or if
issued not be served within that time.

TORT for the eviction of the plaintiff from a house in Cambridge, owned by the defendant. Trial in the superior court, before *Dewey*, J., who made the following report thereof :

" At the trial, it appeared that White employed Joseph G. Holt and John W. Hammond, attorneys at law under the firm of Holt & Hammond, to institute proceedings to eject Wieland ; that notice to quit had been previously served on Wieland ; and that they sued out a writ of ejectment in due form, returnable to the police court of Cambridge on April 29, 1869 ; that, two or three days before the return day of the writ, the attorney of Wieland called on White's attorneys, and stated to them that he was employed to appear in the case and thought that he had a good defence, but that Wieland was intending to quit the premises in the course of a few days ; and that it then was orally agreed by Wieland's attorney that when the action was entered Wieland would not appear and judgment might be rendered for White, and White's attorneys agreed that execution should not issue on the judgment until the 8th day of May following, or if issued should not be served before said date.

" The plaintiff offered, as a memorandum in writing of said agreement, the docket of Holt & Hammond, containing the following entry, written by Hammond at the date thereof : ' Edward J. White *v.* Joseph G. Wieland. Apr. 22 or 29. Ejt. A. G. Browne, Jr., for Deft. To be defaulted by agreement. Execution not to be taken out before May 8th.'

" It appeared that the writ was duly entered, that there was no appearance for Wieland, and that judgment was entered on his default for White ; that White discharged Holt & Hammond as his attorneys, on April 30 ; and that on the same day (more than twenty-four hours after judgment) he took out execution and caused the same to be served by an officer.

" It was contended on the part of Wieland, that White had knowledge, before the time of service of the execution, of the agreement made as aforesaid by Holt & Hammond; and evidence was introduced of White's knowledge of the agreement after the judgment and before he gave-the execution to the officer. It was not contended that White ever assented to said agreement of his attorneys, or gave any authority to them to make it, except such as is implied in the terms of his employment of them, (which he testified was ' to get Wieland out,') and such as is implied by the employment of an attorney.

" The counsel for White contended that, if the facts were as alleged by Wieland, he would not be entitled to recover, for that an oral agreement of counsel, as before stated, would not be binding on White, and a violation of it would not afford a cause of action against him.

" But White denying that he had any knowledge of this agreement before the service of the execution, for the purpose of determining the question, and the amount of damages, if any, which Wieland was entitled to recover, I submitted the case to the jury, with directions that, if White had knowledge of said agreement before his delivery of the execution to the officer for service, they should find for the plaintiff, otherwise for the defendant. The jury found for the plaintiff, and assessed the damages at $50. If the defendant is liable for a violation of the aforesaid agreement of his attorneys, having the knowledge of the same before stated, judgment is to be rendered on the verdict; otherwise the verdict is to be set aside and a new trial granted."

*I. S. Morse & G. A. Morse*, (*W. F. Engley* with them,) for the defendant, cited *Vail* v. *Jackson*, 15 Verm. 314; *York Bank* v. *Appleton*, 17 Maine, 55; *Simonton* v. *Barrell*, 21 Wend. 362; *People* v. *Lamborn*, 1 Scam. 123; *Chambers* v. *Miller*, 7 Watts, 33; *Derwort* v. *Loomer*, 21 Conn. 245; *Pendexter* v. *Vernon*, 9 Humph. 84; *Lockhart* v. *Wyatt*, 10 Alab. 231.

*H. W. Holland*, (*J. H. Bradley, A. G. Browne, Jr., & J. G. Holt* with him,) for the plaintiff.

CHAPMAN, C. J.   The defendant contends that the agreement made between his attorneys and the plaintiff's attorney was not binding on him.   The agreement was made on good consideration, and was in legal form, being entered on the docket of his attorneys; and the terms were apparently favorable to him, for, if a defence had been set up, a postponement would probably · have been had for at least as long a time as was agreed upon. The attorneys would have been authorized, on both sides, to agree upon postponement of a trial, in the absence of instructions to the contrary.   Probably a litigation would have resulted in a much longer delay, as well as some expense.   Considering the delays usually attending litigation, as well as the costs and expenses, we think White would have had some cause to complain if his attorneys had refused to accept the offer made them.   We cannot doubt that their retainer gave them authority to accept it, and to make the agreement.

It is important to parties that such an authority should be liberally construed; for many exigencies are likely to arise in the progress of a cause, that demand the exercise of discretion when there is no opportunity to consult with a client, and an attorney is sometimes obliged to act upon reasons which cannot be explained at the time.   Accordingly it has been held that a general authority to an attorney to conduct a cause implies an authority to compromise in good faith and in a reasonable manner, if there is no express prohibition.   *Chown* v. *Parrot*, 14 C. B. (N. S.) 74. *Prestwich* v. *Poley*, 18 C. B. (N. S.) 806.   *Butler* v. *Knight*, Law Rep. 2 Exch. 109.   In *Phillips* v. *Rounds*, 33 Maine, 357, it was held that he had authority to agree to the postponement or continuance of a cause, or to extend a debtor's relief bond.   He may agree with a surety, that, if the surety will confess judgment, and not dispute his liability, he will proceed to collect the execution from the principal debtor before enforcing it against him.   *Union Bank* v. *Geary*, 5 Pet. 99.   He may delay issuing an execution, and may stay proceedings upon it, if it be done honestly and with reasonable discretion.   *Silvis* v. *Ely*, 3 W. & S. 420.   In some of the cases cited from some of the state courts his authority is held to be still more extensive, and in others

more lin ited. In *Langdon* v. *Potter*, 13 Mass. 319, it was held that he might discharge an execution, but might not make his clients bailiffs of the debtor to collect a note for him.

The agreement made in this case was not only sustained by the authorities, but was so reasonable that, even if there were no authorities on the subject, it must be regarded as valid, and this action for the breach of it must be sustained.

*Judgment on the verdict.*