NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY *vs.* JENNIE C. I. MARTIN.

Hampden.   September 28, 1892. — March 3, 1893.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Attorney and Client — Executory Agreement to settle Suit under Mistake of Fact — Specific Enforcement in Equity — Election of Remedies.*

An executory agreement for a settlement of a suit for personal injuries, which was not made of record in the case, and was in fact made by an attorney at law under a mistake of fact as to his authority, cannot be specifically enforced in equity against his client.

When equitable matter can be used as a defence to an action under the St. of 1883, c. 223, § 14, or as the foundation of a suit in equity to enjoin the prosecution of an action, although a party can elect whether he will proceed in one way or the other, after he has elected to proceed in one way and has taken the opinion of the court upon the merits of the proceeding, he ought not, without good cause shown, to be permitted to abandon that, and to avail himself of the chance of obtaining a more favorable decision by a separate proceeding before another tribunal.

FIELD, C. J.   This is a novel attempt in this Commonwealth. Miss Martin brought suit against the railroad company on April 21, 1890, in the Superior Court for the County of Hampshire ; the company appeared and pleaded in abatement that neither the plaintiff nor the defendant lived or had a usual place of business in said county, but that the company had its usual place of business in the county of Hampden ; whereupon, on motion of the plaintiff, the cause was transferred to the Superior

Court for the County of Hampden, under Pub. Sts. c. 161, § 12. The defendant also filed a petition for the removal of the cause to the Circuit Court of the United States for the District of Massachusetts, under the statutes of the United States, and this was transmitted with the other papers to the Superior Court for the County of Hampden, and the petition was granted by that court, and the cause entered in said Circuit Court at the October term, 1890. In the summer of 1891 there were negotiations for a settlement between counsel. The settlement, if one was agreed upon, was repudiated by Miss Martin, and this was made known to the counsel for the defendant by the letter of her counsel dated October 10, 1891. The company filed in the Circuit Court an additional answer, setting up the alleged settlement in bar of the action. On February 9, 1892, the counsel for the company suggested to the Circuit Court that it had no jurisdiction, and asked that the cause be remanded to the Superior Court for the County of Hampden. The counsel for Miss Martin contended that it should not be so remanded; but the Circuit Court, after hearing the parties, remanded it to the Superior Court for the County of Hampden. The company gave notice of an appeal from this decision, presented a draft of exceptions to the ruling, and claimed a writ of error; but the Circuit Court refused the writ of error, disallowed the exceptions, and dismissed the appeal. The record was then filed in the Superior Court for the County of Hampden, and Miss Martin claimed a trial by jury, on March 7, 1892, and the case was put on the trial list for the March term, 1892. The company contended before Mr. Justice Dewey, the justice holding the term, that the case had been improperly remanded from the Circuit Court, and that it was in fact pending in that court, and also that the alleged agreement for a settlement was a legal and equitable bar to the prosecution of the action; and it filed an additional answer, setting up substantially the same facts as are alleged in the present bill in equity, and an arrangement was made " by which these questions were brought by counsel of both parties to the attention of Mr. Justice Dewey, on March 19, 1892, before the case was reached for trial by jury." Mr. Justice Dewey heard the parties on these preliminary questions, and made a memorandum of his opinion, which was shown to coun-

sel. It appears from this memorandum that he held that the case was rightly in the Superior Court for the County of Hampden, and that the alleged compromise could not be treated as a legal or equitable bar to the prosecution of the action. Instead of having this decision made in some form a matter of record, and of taking exceptions to the rulings of law contained in it, the railroad company thereupon brought this bill in equity in this court, praying for a specific performance of the alleged agreement of settlement, and that Miss Martin be enjoined from the further prosecution of her suit in the Superior Court. This suit in equity was tried by a justice of this court at the time when the Superior Court for the County of Hampden was holding its June sitting, and was reported to the full court. It is plain, we think, that, if the agreement has the effect the counsel of the railroad company attributes to it, it is an accord without satisfaction, and therefore is not a legal bar to the prosecution of the action. It is also plain, we think, that, if this bill can be maintained, the same facts would be a good equitable defence under St. 1883, c. 223, § 14, and that, having been pleaded as an equitable defence in the action at law, and this defence having been actually heard in that action, the decision should have been made a matter of record; and if the defendant was aggrieved thereby, it should have been allowed to file exceptions. When equitable matter can be used as a defence to an action under St. 1883, c. 223, § 14, or as the foundation of a suit in equity to enjoin the prosecution of an action, although a party can elect whether he will proceed in one way or the other, after he has elected to proceed in one way, and has taken the opinion of the court upon the merits of the proceeding, he ought not, without good cause shown, to be permitted to abandon that, and to avail himself of the chance of obtaining a more favorable decision by a separate proceeding before another tribunal. We think it not improbable that Mr. Justice Dewey expected that, after making known to the counsel the contents of his memorandum, the case would be tried by a jury, and that if the plaintiff prevailed, and the defendant was not satisfied with the result, his finding and decision on the preliminary hearing would be made a matter of record and of exception. As they are not a matter of record

in the action at law, the questions are not in any sense *res judicata*, and we must consider the present suit on its merits. We think that it appears, from the correspondence of the counsel of the parties, that the counsel of the company offered $6,500 for a full release and discharge from Miss Martin and her father, and that he was not willing to pay the money until he had "proper releases of plaintiff and collateral claims." What the father's claim for "expenses, loss of service," etc. was, we do not know, but it may have been considerable. The counsel for the company insisted upon having the personal release of the father as well as of the daughter, and he doubted whether the counsel for Miss Martin could give a valid release for the father. Certainly, merely as attorney for Miss Martin, he could not. The counsel for Miss Martin apparently was willing to get the release from the father as well as from Miss Martin if he could, but it seems that he never agreed to obtain a release of the father's claim. We think that it appears that the minds of the counsel never actually met upon all the terms of the agreement, and that the counsel of the company knew that the counsel of Miss Martin had never actually agreed to obtain a release from the father as a part of the consideration of its promise to pay $6,500. We think, also, that it appears that the statement of the counsel of Miss Martin in the letter of September 5, 1891, as follows, "I am authorized to settle for the $6,500, somewhat to my surprise," was made under a mistake of fact. The counsel was not in fact acting under his general authority as attorney, but under the authority given by the father, who purported to act for his daughter, but the daughter had not given to the father authority to make such a settlement. We have been shown no case where an executory agreement for a settlement of a suit for personal injuries, which was not made of record in the case, and was in fact made by an attorney at law under a mistake of fact as to his authority, has ever been specifically enforced in equity against his client. Agreements for the compromise of suits are sometimes specifically enforced in England by a motion or petition in the cause or by a bill in equity, but we have seen no case like the present. See *Pryer* v. *Gribble*, L. R. 10 Ch. 534; *Holt* v. *Jesse*, 3 Ch. D. 177; *Attwood* v. ——, 1 Russ. 353; *Dawson* v. *Newsome*, 2 Giff. 272; *Richardson* v.

*Eyton,* 2 DeG., M. & G. 79 ; *Eden* v. *Naish,* 7 Ch. D. 781 ; *Scully*
v. *Dundonald,* 8 Ch. D. 658 ; *Swinfen* v. *Swinfen,* 2 DeG. & J.
381 ; *Green* v. *Crockett,* 34 L. J. Ch. 606 ; Fry on Spec. Perf. (3d
Eng. ed.) §§ 1578–1585. We desire to express no opinion upon
the question whether an attorney at law, by virtue of his employ-
ment, has authority to agree to a compromise of his client's suit
out of court. If such compromise is entered of record in the
suit and relates to the disposition to be made of the suit, as, for
example, an agreement for the amount of the judgment, it may
be that it binds the parties to that suit, unless the court for
good cause shown consents to the withdrawal of the agreement,
and that, if it has been made without authority, or improperly
made, the attorney is answerable in damages to his client. In
*Wieland* v. *White,* 109 Mass. 392, it was said that " accordingly
it has been held that a general authority to an attorney to con-
duct a cause implies an authority to compromise in good faith
and in a reasonable manner, if there is no express prohibition,"
and the English cases are cited as authority ; but in *Wieland* v.
*White* the agreement considered was that the defendant in the
process of forcible entry and detainer should be defaulted, and
that execution should not be taken out until some days after the
default. This clearly related to the conduct of the suit. In
*Moulton* v. *Bowker,* 115 Mass. 36, it is said that " an attorney at
law has authority, by virtue of his employment as such, to do
in behalf of his client all acts, in or out of court, necessary or
incidental to the prosecution and management of the suit, and
which affect the remedy only, and not the cause of action ; and
we can have no doubt that this includes the power to release an
attachment, at least before judgment, which is all that this
case requires us to consider."

It seems that the weight of authority in this country is
that an attorney employed in the usual way to bring and con-
duct a suit is not by virtue of his employment invested with
authority to compromise the suit out of court without the sanc-
tion of his client, although, if the agreement is carried into
effect and the suit disposed of by proper entries in court, the
agreement may be allowed to stand and the client left to his
action against the attorney. In England, it seems that a com-
promise entered into by a barrister *bona fide,* and not made in
defiance of the client's instructions, will be upheld if it be found

to be reasonable. The authorities are collected in Weeks on Attorneys at Law, § 228 *et seq.* We do not deem it necessary, however, to decide in this case what the rule in this Commonwealth is. We know of no precedents in this Commonwealth for enforcing in equity an executory agreement of the kind alleged to have been made in this case, and if, under some circumstances, such a remedy is to be given, we think it appears that the present agreement was made under such a mistake of fact as would prevent equitable relief, even if counsel had exactly agreed upon the terms. It is apparent that the attorney of the company did not rely wholly upon the authority of the attorney of Miss Martin, because he required her personal release.

*Bill dismissed.*

*G. M. Stearns,* for the plaintiff.

*A. A. Strout & W. H. Coolidge,* ( *W. G. Bassett & W. R. Bigelow* with them,) for the defendant.