FIRST NATIONAL BANK OF CHELSEA *vs.* ALBERT J. HALL
& another.

Suffolk.    March 1, 1898. — March 28, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Pleading — Amendment — Discretion of Presiding Judge — Equitable Defence
at Law — Statute — Evidence.*

When an equitable defence, under St. 1883, c. 223, § 14, is not pleaded at law within
the time allowed for filing an answer, and a request is made to allow an amend-
ment to the answer setting up such a defence, the power of the court to allow
such an amendment is governed by the Pub. Sts. c. 167, §§ 42, 43; but the allow-
ance of amendments, however, is within the discretion of the court, and no ex-
ceptions lie to the refusal of the court to allow an amendment in the exercise
of this discretion.

Where there is nothing in the exceptions which enables the court to say that cer-
tain questions put by counsel and excluded by the court called for evidence
which would have been admissible under the issues raised by the pleadings, the
exceptions must be overruled.

CONTRACT, upon a promissory note. Trial in the Superior
Court, before *Sherman, J.,* who directed the jury to return a ver-
dict for the plaintiff for the amount of the note and interest; and
the defendants alleged exceptions, which appear in the opinion.

*J. F. Simmons,* for the defendants.

*H. L. Whittlesey,* for the plaintiff.

FIELD, C. J.    This is an action of contract on a promissory
note signed by the defendant Hall, and made payable six months
after date to the order of the plaintiff, and indorsed by the de-
fendant Scanlan before the note was delivered.    The declaration
contained two counts, one against Hall, and the other against
Scanlan, which alleged due demand on Hall and due notice of
non-payment to Scanlan.    The answer contained a general denial
of the allegations of the declaration, and also alleged that the
note was given without consideration.    The exceptions recite
as follows :    " At the trial, before the jury was empanelled, the
defendants moved to amend their answer and set up an equitable
defence.    The court refused to grant the motion to amend, on
the ground that the defendants had asked to amend too late, and
the defendants excepted thereto."    If this means that it was not

within the power of the court to allow the amendment at the time when it was presented, the ruling was plainly wrong.   Section 42 of the Pub. Sts. c. 167, provides that " at any time before final judgment in a civil suit, amendments may be allowed, on such terms as are just and reasonable," etc.   See Pub. Sts. c. 167, § 43.   The amendment presented we assume was an amendment alleging an equitable defence under St. 1883, c. 223, § 14.   Such an equitable defence may be pleaded at law, or may be made the subject of a bill in equity ; but when it is not pleaded at law within the time allowed for filing an answer, and a request is made to allow an amendment to the answer setting up such a defence, the power of the court to allow such an amendment is governed by the Pub. Sts. c. 167, §§ 42, 43.   The allowance of amendments, however, is within the discretion of the court, and no exceptions lie to the refusal of the court to allow an amendment in the exercise of this discretion.   *Barlow* v. *Nelson*, 157 Mass. 395.

We interpret the exceptions to mean that the court refused to allow the amendment, not on the ground that the court had not the power to allow it, but on the ground that the court was of opinion that it ought not to be allowed because the defendant had neglected to make the request until the case came on for trial.   The power of the court to allow amendments at any time before final judgment is so well known, and so frequently acted on, that we cannot presume from the equivocal language of the exceptions that it was not taken for granted by the court and the parties at the trial that the court in its discretion could allow the amendment.

We are unable to determine, from the questions put by the defendants' counsel and excluded by the court, what it was the defendants wished to prove.   The bill of exceptions recites :

" The defendants called as a witness the defendant Hall, who was asked, ' At the time when you first had business relations with the First National Bank of Chelsea, was any agreement made between yourself and the National Bank ? '   The witness replied, ' Yes.'   The court inquired whether the agreement was oral or in writing.   The witness replied that it was oral.   Witness was then asked what that agreement was.   The question was excluded, and the defendants excepted.   Witness was then

asked, ' Whether in accordance with any agreement the First National Bank of Chelsea at one time discounted some notes for you?' The court excluded the question, and the defendants excepted. The witness was then asked, ' Whether or not at one time, in accordance with an agreement which you had with the First National Bank of Chelsea, they discounted paper for you in renewal of which this note in suit was given?' The court excluded the question, and the defendants excepted.

" The witness testified that when the note in suit was given it was given in renewal of other notes and an obligation of his then held by the plaintiff bank; that that obligation was a mortgage. This evidence was then excluded by the court, on the ground that the mortgage was the best evidence, and the defendants excepted. The witness was then asked, ' Had Mr. Scanlan indorsed any note previous to this for which this was given?' The court excluded the question, and the defendants excepted. Witness was asked, ' Prior to the indorsement of this note by Mr. Scanlan, had you been the bearer of any message from the plaintiff bank to Mr. Scanlan in relation to his indorsement of the note?' The court excluded the question, and the defendants excepted."

There is nothing in the exceptions which enables us to say that the questions called for evidence which would have been admissible under the issues raised by the pleadings.

*Exceptions overruled.*