Tio, Appellant, vs. Brown and others, Respondents.

*April 10—April 30, 1907.*

*Judgment:* Res judicata: *Void mortgage.*

A judgment, in an action to foreclose a mortgage, declaring the mortgage void because it wholly failed to describe any land, is *res judicata* in a subsequent action to reform and foreclose the same mortgage, brought against the same defendants by a transferee of the former plaintiff.

APPEAL from a judgment of the circuit court for Pierce county: E. W. HELMS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *W. C. Owen,* and for the respondents *George W. Brown* and *Augusta Brown* on that of *E. B. Kinney.*

WINSLOW, J. This is an action to reform and foreclose a mortgage executed by the defendants *George W. Brown* and *Joseph L. Schallaire* to the plaintiff March 1, 1895. The de-

scription of the mortgaged premises contained in the mortgage was so indefinite and uncertain that it in fact described no property, and the complaint charged that this was the result of mistake by the scrivener, and it was sought to reform the mortgage by inserting a description of certain lands which it was claimed were intended to be mortgaged. It appeared upon the trial and was found by the court that in March, 1899, the plaintiff sold and assigned the mortgage in question to one Caroline Jessup, and that she thereafter brought an action to foreclose the same against the respondents *Brown* and others, in which action judgment was rendered declaring the mortgage void because it wholly failed to describe any real estate. It was further found that after rendition of this judgment Caroline Jessup sold and transferred the note and mortgage back to the plaintiff.

Thus it appears that in an action upon this same cause of action, brought by the plaintiff's grantor against the same defendants, a court of competent jurisdiction has held the mortgage in question void and incapable of enforcement. Whether the decision was right or wrong it is *res adjudicata* in another action between the same parties or their privies upon the same cause of action as to all matters which were litigated or might have been litigated in the former action. *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589.

The court also found that there was no sufficient proof to show what particular premises were attempted to be mortgaged, and hence that there could be no reformation. As the former judgment is conclusive between the parties, we do not find it necessary to discuss the question whether the court was right on the last-mentioned proposition, although from our examination of the record we see no reason to doubt the correctness of the conclusion reached.

*By the Court.*—Judgment affirmed.