LIBERTY MUTUAL INSURANCE COMPANY *vs.* HATHAWAY
BAKING COMPANY & another.

Suffolk.    November 6, 1939. — July 3, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Equity Jurisdiction*, Reformation, Laches.

Laches barred a suit in equity, brought here by an insurer against a
second insurer and the insured, to reform the plaintiff's policy on
the ground that by mutual mistake it included coverage by reason
of which the plaintiff had been required to satisfy a judgment in an
action brought in a Wisconsin court by an administrator against it,
the insured, and the second insurer, which would have been liable if
the first had not been so held, and to require reimbursement of the
first insurer by the second, where it appeared that under the law
of Wisconsin there was no separation of law and equity and a de-
fendant was required to set up in his answer to an action a "state-
ment of any new matter constituting a defense or counterclaim"
"against" the "plaintiff," that the administrator's rights against
the first insurer were only those of the insured, that the first insurer's
claim for reformation could have been set up by counterclaim in the
Wisconsin action, and that the first insurer deliberately had refrained
from setting up such claim for reformation in that action.

BILL IN EQUITY, filed in the Superior Court on January
14, 1936.

After a hearing by *Pinanski*, J., a final decree was entered
from which the defendants appealed.

*L. Brown*, (*E. Field & R. H. Field* with him,) for the de-
fendant Century Indemnity Company.

*A. Cox*, (*C. C. Cabot* with him,) for the defendant Hatha-
way Baking Company.

*A. F. Bickford*, (*R. B. Johnson* with him,) for the plaintiff.

LUMMUS, J.    The plaintiff is an automobile liability in-
surance corporation.    Hereinafter it will be called Liberty.
The defendants are the Hathaway Baking Company, a
large corporation engaged in selling bakery products which
it distributed in Wisconsin and other States in trucks
marked with its name — hereinafter called Hathaway —

and Century Indemnity Company, another automobile liability insurance corporation, hereinafter called Century.

The controversy arises out of a journey that was made by one Lewis, an employee of Hathaway at Kenosha, Wisconsin, on October 31, 1932, into the State of Illinois at the direction of Hathaway and on its business. With the consent and authority of Hathaway, Lewis used his own automobile. During the journey, in Illinois, the automobile of Lewis collided with an automobile operated by one Sheehan. Sheehan was killed and Lewis was injured. The administratrix of the estate of Sheehan brought an action against Lewis, Hathaway, Liberty and Century in the courts of Wisconsin. On June 30, 1934, judgment was entered for the plaintiff administratrix against Liberty for $10,478 damages, and $214.68 costs. On July 18, 1935, Liberty paid the judgment, which then amounted to $11,542.35.

At the time of the death of Sheehan and the injury to Lewis, Hathaway was covered to the amount of $15,000 by a policy of liability insurance issued by Century. Century undertook to pay all sums which the assured will be liable to pay by reason of the liability imposed upon it by law for damages arising out of bodily injuries, or death at any time resulting therefrom, accidentally sustained by any person or persons, caused by the ownership, maintenance or use of any automobile disclosed in a schedule of automobiles owned by employees of Hathaway at its plants in various parts of the country. The employees themselves, as distinguished from Hathaway, were not included in the word "assured" and thus were not protected by the policy. The policy provided: "If there exists, at the time of the accident, a policy of insurance taken out by or *affected* [*sic*] on behalf of any one other than the named assured and under the terms of which policy the named assured is entitled to protection and coverage, then this endorsement shall operate only as excess insurance over and above the amount of such valid and collectible insurance." That ambiguous provision appears to have been construed by the parties as limiting the liability of Century to any excess of liability over and above any other valid and collectible

insurance protecting the assured, whether taken out by the assured or by another. It was evidently so interpreted by the courts of Wisconsin.

At the time of the death of Sheehan and the injury to Lewis, Hathaway was covered also by a policy of liability insurance issued by Liberty. As originally written the policy bound Liberty to pay on behalf of assured all sums up to $10,000 which assured shall become obligated to pay because of liability imposed by law for damages to person or property as a result of the ownership, maintenance or use, for purposes specified in schedule, of any automobile described in schedule. The benefit of the policy extended to any person operating the automobile with the permission of the assured. By a "special endorsement" the policy covered "all automobiles upon their acquisition by the Hathaway Baking Company of Milwaukee, Wisconsin and by the Wehle Baking Company, Inc., of Ohio." In May, 1932, Hathaway complained to Liberty that the policy as written did not cover the operation of motor trucks owned and operated by distributing agents who were really independent contractors but who were required to paint their motor trucks with the name of Hathaway in such a way as to make it appear that they belonged to Hathaway. That complaint was well founded. To meet that complaint, another indorsement was made on May 25, 1932, by which the policy was made "to include protection in respect to the ownership, maintenance or use of motor vehicles put into use, subsequent to the date of said policy, by the Hathaway Baking Company and/or by the Wehle Baking Company." Lewis was not such a distributing agent, but an ordinary employee. But the indorsement of May 25, 1932, was broader than was necessary to cover the motor trucks of distributing agents. Lewis's automobile was "put into use" by Hathaway when it authorized Lewis to use it on the journey, and Liberty was bound under the terms of the indorsement to indemnify him and Hathaway against liability to Sheehan's representatives.

The action in Wisconsin was brought on October 26, 1933, by the administratrix of the estate of Sheehan in the

Municipal Court of Kenosha County against Lewis, Hathaway, Liberty and Century to recover for the death of Sheehan according to the statute of Illinois and for the injury to his automobile. Lewis answered, and claimed damages in counterclaim for injury to himself and his automobile. Liberty set up among other things the provision in its policy that no action shall lie against it until judgment against the assured has been obtained, and contended that the automobile of Lewis was not covered by its policy. Century set up among other things the provision in its policy that no action shall lie against it until judgment against the assured has been obtained, that its policy covered automobiles of employees at Milwaukee but not at Kenosha, and that its policy did not cover damages to property. Lewis and Liberty actively defended the case before a jury; although Liberty denied coverage. Century was represented at the trial by the same counsel as Hathaway, and took a part though a minor part in the trial. The jury found that the death of Sheehan was due, not to his own negligence, but to negligence of Lewis. They awarded damages of $10,000 for death, and $478 for injury to the automobile. The court on June 30, 1934, entered judgment against Lewis, Hathaway and Liberty in the sum of $10,478, and costs, and declared that the plaintiff might collect from Century as a defendant secondarily liable any part of the judgment, except that part which was for property damage, that it might be unable to collect from the other defendants. On appeal to the Supreme Court of Wisconsin (*Sheehan* v. *Lewis*, 218 Wis. 588), it was held that the "no action" clause in the policies afforded no defence to Liberty or Century. It was held that the court was right in not granting a separate trial upon the issues relating to insurance coverage, in deciding those issues without jury, and in reaching the result that it did reach. The judgment was affirmed. On July 18, 1935, Liberty satisfied the judgment, which then amounted to $11,542.35.

Liberty brought the present suit in the Superior Court of Massachusetts on January 14, 1936, against Hathaway and Century. The bill alleges that the indorsement of May 25,

1932, by which the policy was made to cover Lewis's automobile, was by mutual mistake of Liberty and Hathaway so drafted that it did not express their agreement as to coverage; that they intended to widen the coverage so as to include the automobiles of distributing agents only; that if the indorsement had been drafted in accordance with the real agreement and intent of the parties, Liberty would not have been liable to pay the Wisconsin judgment, but Century would have been the only insurer liable. The bill asks reformation of the indorsement to make it conform to the real agreement and intent of the parties. In the Superior Court the judge found the facts to be as the plaintiff alleged, reformed the indorsement accordingly, ordered Hathaway to pay to Liberty the amount of the judgment with interest from the date of payment, and ordered Century to pay the same to Hathaway with the exception of the award for property damage. From the final decree Hathaway and Century appealed.

In this Commonwealth, where the distinction between law and equity is still observed, a judgment at law in an action upon a contract does not adjudicate the absence or invalidity of a claim in equity for reformation of the contract. *Barton* v. *Radclyffe*, 149 Mass. 275, 280. *Bancroft Trust Co.* v. *Canane*, 271 Mass. 191, 197, 198. Freeman, Judgments (5th ed. 1925) § 1224. Compare *Washburn* v. *Great Western Ins. Co.* 114 Mass. 175. Although a complete equitable defence may be set up in an action at law (G. L. [Ter. Ed.] c. 231, §§ 31, 35), the party having the equitable defence has an election, either to set it up under the statute or to bring a bill to restrain the prosecution of the action at law or the enforcement of the judgment therein. *New York, New Haven & Hartford Railroad* v. *Martin*, 158 Mass. 313, 315. *First National Bank of Chelsea* v. *Hall*, 170 Mass. 526, 527. *Nash* v. *D'Arcy*, 183 Mass. 30. *J. P. Eustis Manuf. Co.* v. *Saco Brick Co.* 198 Mass. 212, 217. *Noyes* v. *Noyes*, 233 Mass. 55, 61. *Baker* v. *Langley*, 247 Mass. 127, 132. *King* v. *Milliken*, 248 Mass. 460, 463, 464. *Bancroft Trust Co.* v. *Canane*, 271 Mass. 191, 199. *Hooker* v. *Porter*, 271 Mass. 441, 447. In the

absence of a statutory duty to interpose an equitable defence in an action at law, it is not necessarily laches for a defendant having such a defence to wait deliberately until judgment at law has been rendered against him and then bring a suit to restrain the enforcement of the judgment. *Barton* v. *Radclyffe,* 149 Mass. 275, 280. *Gaylord* v. *Pelland,* 169 Mass. 356. *Johnson* v. *Christian,* 128 U. S. 374, 381, 382. *Headley* v. *Leavitt,* 20 Dick. (N. J.) 748, 754, 755. *Palisade Gardens, Inc.* v. *Grosch,* 120 N. J. Eq. 294, 304–306. *Lorraine* v. *Long,* 6 Cal. 452. *Dorsey* v. *Reese,* 14 B. Mon. 157. *Pollock* v. *Gilbert,* 16 Ga. 398, 404. *Clifton* v. *Livor,* 24 Ga. 91. *Stevens* v. *Hertzler,* 114 Ala. 563. *Gregg* v. *Brower,* 67 Ill. 525, 532. *Cornelius* v. *Thomas,* 1 Tenn. Ch. 283.

The practice in Wisconsin is different. There is in that State no separation of law and equity. Wisconsin Statutes, 1939, § 260.08, § 263.04.[1] "There is but one form of action for the enforcement or protection of private rights and the redress or prevention of private wrongs, which is denominated a civil action." § 260.08. *Coats* v. *Camden Fire Ins. Association,* 149 Wis. 129, 132. *Tio* v. *Brown,* 131 Wis. 573. Both legal and equitable counterclaims may be set up in the answer. § 263.16. A counterclaim, required to be set up in the answer, "must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action: (a) A cause of action arising out of the contract or transaction or occurrence set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action. . . ." § 263.14. The counterclaim of Liberty appears to have been of the sort described. Since the administratrix of Sheehan was not a purchaser for value, and had only the same right against Liberty that Hathaway had in equity, the right of Liberty to reformation constituted an equitable counterclaim against the administratrix of Sheehan as well

---

[1] Citations are to the 15th edition (1939), but the sections cited or substantially similar ones were in force during the period covered by the litigation in Wisconsin.

as against Hathaway.  See *Casgrain* v. *Milwaukee County*, 81 Wis. 113, 117.  The liability of Liberty as insurer to the administratrix of Sheehan was involved in the claim of the latter.  § 260.11.  *Hunt* v. *Dollar*, 224 Wis. 48, 56.  Accordingly, the counterclaim of Liberty for reformation was within § 263.13, which provides that the answer of a defendant "must contain" a "statement of any new matter constituting a defense or counterclaim."  Liberty had no option to reserve its counterclaim and make it the subject of a separate action for reformation.  *Page Woven Wire Fence Co.* v. *Staudenmayer*, 174 Wis. 154, 159.  *Lau* v. *Harder*, 223 Wis. 208.  *Grady* v. *Meyer*, 205 Wis. 147, 152.  By a familiar doctrine of *res judicata*, a judgment concludes the parties as to all matters that might have been adjudicated in the action.  *Boring* v. *Ott*, 138 Wis. 260, 265–273.  *Tio* v. *Brown*, 131 Wis. 573.

The case of *Nehring* v. *Niemerowicz*, 226 Wis. 285, is not to the contrary.  There a beneficiary named Niemerowicz brought in a minor court an action on a life insurance policy, and recovered judgment.  Nehring was earlier named in the policy as beneficiary, and contended that Niemerowicz had procured by fraud the substitution of herself as beneficiary.  The minor court had no jurisdiction to give Nehring relief.  Therefore it was held that the judgment did not bar a subsequent action by Nehring against Niemerowicz to restore the rights of the former.  Some expressions in the opinion may go farther, but the decision does not.  It is to be noticed that the counterclaim of Nehring was not one between the original plaintiff and the defendant insurer in the first action, and that therefore the case did not come within §§ 263.13 and 263.14.  In *Zohrlaut* v. *Mengelberg*, 158 Wis. 392, it was found that the plaintiff did not learn until after the decision in the action on the contract that the contract did not express the actual agreement of the parties and that his rights required a reformation of the contract.

Doubtless as between the administratrix of Sheehan and Liberty the judgment adjudicated the absence of any right of reformation in Liberty which would absolve Liberty

from liability. See *Page Woven Wire Fence Co.* v. *Stauden-mayer*, 174 Wis. 154, 159. It may be that the absence of such a right of reformation was not adjudicated in favor of Hathaway and Century, for with respect to such a right they and Liberty may not have been adversaries in the Wisconsin litigation. *Brown* v. *Great American Indemnity Co.* 298 Mass. 101, 105. But under the Wisconsin statute it was the duty of Liberty to set up its equitable right of reformation as a defence against the administratrix of Shee-han. If it had done so, and had possessed the right of reformation now claimed, there would have been no judg-ment against it. Instead, it deliberately reserved its claim for reformation until the judgment in Wisconsin had been rendered and satisfied. In these circumstances we think that the present suit is barred by laches. The policy of legislation like that of Wisconsin is to settle all controver-sies over the same subject matter in one action. *Tio* v. *Brown*, 131 Wis. 573. *Coats* v. *Camden Fire Ins. Associa-tion*, 149 Wis. 129, 132. *Savage* v. *Allen*, 54 N. Y. 458, 463. *Mandeville* v. *Reynolds*, 68 N. Y. 528, 544–546. *Colson* v. *Pelgram*, 259 N. Y. 370, 376. *Boston & Maine Railroad* v. *Delaware & Hudson Co.* 268 N. Y. 382, 391. *Coos Bay Lumber Co.* v. *Collier*, 104 Fed. (2d) 722, 725. *Aetna Life Ins. Co.* v. *Tremblay*, 101 Maine, 585. *Gorman* v. *Bonner*, 80 Ark. 339. *Ross* v. *Scottish Union & National Ins. Co.* 46 Ont. Law Rep. 291.

*Decree reversed.*
*Bill dismissed with costs.*