*Northern District*

No. 4626

**HIGHLAND PRIVATE HOSPITAL, INC.**

v.

**THE TOWN OF TOWNSEND**

(April 24, 1953)

*Cavan, J.* This is an action of contract to recover $363.69, for hospital service and supplies furnished to one of the defendants' recipients of old age assistance, under Federal Social Security Act of 1935 and amendments. The answer contains a general denial and a plea of payment and, by amendment, a plea of estoppel.

The facts found and stated in the report may be summarized as follows: A person, receiving old age assistance from the defendants, went to Connecticut in 1948 to reside with a daughter, and the defendants

approved of her going. On January 31, 1950, she was admitted as a patient to the plaintiff hospital, which was authorized to render service to her by the defendants, until such time as she was transferred to the Old Age Assistance of Connecticut.

She was transferred to the Old Age Assistance of Connecticut on April 19, 1950. The plaintiff's charges for hospital service and supplies, rendered to her from January 31, 1950 to April 19, 1950, totaled $613.69, of which the defendants paid $250.00.

Attached to the defendants' order, authorizing the plaintiff to give service to said recipient, was a form, of which the following is a copy:

"Attach this portion of this form when forwarding your bill to this office

Order No. 5371       Date 2-22-50

Case No. 104428

Patient Mrs. D. G. B.

is transferred to OAA in Conn.     Category 1 * OAA Address Highland Private Hospital — Hartford, Conn. Settlement Townsend Service authorized     OAA Townsend, Mass. c/o Mrs. Keefe     Admitted to Hospital January 31, 1950

Highland Hospital, Inc.

L. Muehleisen     Mrs. W. M. Sloan

Agent for Hospital

Highland Private Hospital

Name of Hospital

30 Highland Street, Hartford, Conn.

Approved by the State Department of Public Welfare"

An agent of the plaintiff signed this form for the hospital and mailed it to the defendants with the plaintiff's first bill, February 22, 1950.

Having attempted to obtain confirmation of the transfer from the Connecticut office of the Old Age Assistance, without success, the defendants notified the recipient, March 17, 1950, as follows: "We are taking the word of the Hospital that your case is transferred and your case here is being closed as of today. It must be that Hartford has made arrange-

ments to pay the Hospital." The payment of $250.00 by the defendants to the plaintiff covered charges from January 31, 1950 to March 6, 1950 inclusive.

The trial judge, after acting on the plaintiff's four requests for rulings, gave the following ruling, which he numbered 5: "Treating the defendants' answer as amended, or to be amended, so as to include a plea of estoppel, I rule that by reason of its change of position in closing the recipient's case on March 17, 1950 in reliance on the plaintiff's notice of February 22, 1950 that the recipient 'is transferred to O.A.A. Conn.', the plaintiff is now estopped from claiming the recipient was not so transferred." and ordered 'judgment to be entered for the defendant when the case is ripe therefor'."

The plaintiff claims to be aggrieved by the trial judge's ruling numbered 5 and by his order for judgment for the defendants.

The doctrine of estoppel is not applied except when to refuse it would be inequitable. *Augello v. Hanover Trust Co.*, 253 Mass. 160, 167.

G. L. c. 231, s. 31 is as follows: "The defendant may allege in defence any facts which would entitle him in equity to be absolutely and unconditionally relieved against the plaintiff's claim or cause of action or against a judgment recovered by the plaintiff in such action." An equitable defence, in an action at law, must be pleaded. *Eustis Mfg. Co., v. Saco Brick Co.*, 198 Mass. 212, 217.

Prior to the filing of the judge's findings, rulings and order, and to the hearing on the draft report, filed by the plaintiff, the defendants' answer did not allege an equitable defence, nor was any motion made or allowed to amend the answer by inserting such a defence. The findings, rulings and order were filed October 14, 1952, and the hearing on the draft report, filed by the plaintiff, was held October 25, 1952. Failure to plead relief in equity, as given by said section, prevents the court from considering the

question. *Pollard v. Ketterer,* 221 Mass. 317; *Corbett v. Craven,* 196 Mass. 319, 320. Therefore, it was error to give said ruling numbered 5 and to make such order.

A motion, by the defendants, to amend their answer so as to include a plea of estoppel, was filed and allowed on October 29, 1952. While such an amendment may be allowed any time before final judgment, c. 231, §51, *First National Bank of Chelsea v. Hall,* 170 Mass. 526, 527, we are of the opinion that the allowance of said amendment did not render said error harmless, for it is not clear from the report and the docket entries that the plaintiff had the opportunity to avail itself of replying to such defence, under §35 of said c. 231.

The finding for the defendants is to be vacated, the plaintiff is to be allowed to reply to the defence of estoppel, and a new trial ordered.

Attorney for Plaintiff: Carl A. Black.