## HARPER v. RICHARDSON et al.

A person through whose land a road has been projected, in accordance with the provisions of the road law of 1861, and who presents his claim for damage to the road viewers, must thenceforward pursue the remedy pointed out by that statute, by either accepting the award of the viewers, agreeing with the Board of Supervisors, or commencing within the time limited an action against the county.  By neglecting to follow the statutory remedy, he waives his claims and is barred from bringing any action for damages.

Road viewers, under the Act of 1861, located a road through the land of plaintiff, who presented a claim for damages in the sum of three hundred dollars.  The viewers awarded him no damages, and he took no steps to agree with the Board of Supervisors or to sue the county, but several months afterwards, the Supervisors having established the road as a highway and ordered the owners to open the same, he commenced the present action against the latter to enjoin his proceeding : held, that the action could not be maintained—that plaintiff having become a party to the proceeding, now limited to the statutory remedy, and that by his failure to sue the county within the time prescribed, he had waived all claims for damage.  The provisions of the road law of 1861, prescribing the mode for obtaining compensation by parties through whose land a road is located, are constitutional.

APPEAL from the Seventh Judicial District.

The facts are stated in the opinion.   The action was commenced December 21st, 1862.

*Swan & Hays*, for Appellants.

I.   The complaint does not show sufficient facts to justify a Court of Equity to interpose by injunction, or to give such Court jurisdiction—because the plaintiff had a plain, speedy, and adequate remedy at law, and if so, a Court of Equity has no power to interpose.   (*Dewitt* v. *Hays*, 2 Cal. 469 ; *Burnett* v. *Whitesides*, 13 Id. 157.)

II.   The complaint shows that the plaintiff had notice of the application for the road and that he filed his claims for damages before the Board of Supervisors, and was properly a party to the proceedings.   Although there was no award made by the viewers as to the damages sustained by the plaintiff, yet, being a party to the proceedings, and properly before the Board, he had all the rights to bring his action that he would have had, had the viewers made an award as to his damages under the provisions of said act ; · under the same section he had the right to agree with the Board of Supervisors as to the damages.

III.   The complaint does not show that any action against the county has ever been brought by the plaintiff, as is provided for in the Act of 1861, and by his failure to bring such action he has dedicated the land over which the road passes, to public use.

*M. A. Wheeler*, for Respondent, cited *McCann* v. *Sierra Co.* (7 Cal. 121) and *McCauley* v. *Weller* (12 Id. 530.)

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

The complaint in this case, which is duly verified, avers that the plaintiff is the owner of a tract of land ; that a petition was duly presented to the Board of Supervisors of the county where the land is situated, praying for the opening of a road on a route across his land ; that viewers were duly appointed to assess the damages done to private property by such location ; that he remonstrated against

the proceedings, and filed his claim for damages in the sum of three hundred dollars ; that on the thirteenth day of June, 1862, the viewers reported, recommending the opening of the road, but awarded no damages to the plaintiff on his claim; that on the fourth day of August, 1862, the Board of Supervisors ordered the road to be opened ; that he has never waived his right to compensation, and never received any, and no provision has been made for paying him ; and that, unless restrained, the road overseer, Richardson, will proceed and open the said road across his land, and concludes with a prayer for an injunction.     A temporary injunction was granted.     The answer admits the material facts stated in the complaint, and avers that the viewers duly assessed and reported all the damages sustained by private individuals by reason of the location of the road, and that on the fourth day of August, 1862, the Board of Supervisors proceeded to consider all matters touching the original petition and all subsequent proceedings thereon, in connection with the report of the viewers, and the evidence introduced by interested parties, and duly confirmed the report of the viewers, established the road as a public highway, and allowed all the damages sustained by individuals by reason of the location of the road ; that the road is of great value to the plaintiff, and has enhanced the value of his land, by affording him the means of access thereto ; and avers that the plaintiff's action is barred, and he has dedicated the land to public use, by failing to bring his action within the ten days prescribed by the Act of 1861 respecting roads.     The defendants moved to dissolve the temporary injunction, which was refused, and the defendants take this appeal from the order refusing to dissolve the injunction.

The Road Law of 1861 (Stat. of 1861, 389) provides that, " If any person or persons, claiming damages on account of the location or alteration of any road under the provisions of this act, shall be dissatisfied with the award of the road viewers, and cannot agree with the Board of Supervisors as to the amount of damages sustained, and shall refuse to receive the same, such person or persons shall, within ten days from the time of final hearing, commence an action against the county, by name, for such damages, in a Court of competent jurisdiction, which action shall be conducted

in like manner as other actions in civil cases in the Courts of Justice of this State, except as hereinafter provided." Sec. 10 of the same act provides that "if any person over whose land such road shall pass shall fail to present his claim for damages to the Board of Supervisors, or to file his or her complaint in the proper Court as prescribed in this act, within the time prescribed, said person shall be deemed to have dedicated the land over which such road shall pass, to public use; and such person shall be forever barred from bringing or maintaining any action or proceeding for damages therefor, and the road shall be opened according to the provisions of this act."

The plaintiff in this case was a party to the proceedings for the location of the road before the Board of Supervisors. He filed his claim for damages, and if the viewers failed to award him what he was entitled to, either by not finding him entitled to any damages, or by awarding him an insufficient amount, he could have brought the matter before the Board for their determination either before or at the time of their final action upon the report of the viewers. Whether he thus appeared or not is not stated; but, as he was a party to the proceedings, it was his duty thus to act, if he was dissatisfied with the award of the viewers. Then, if he could not agree with the Board as to the amount of damages, he was entitled to bring his action against the county, if brought within ten days from the time of final hearing. He has not done so; and we think it clear that he is thereby barred from bringing this action, or any action, for damages. His failure to bring his action for damages within the time limited by the statute, is a waiver of his claim therefor. It may be that he is benefited more than he is injured by the location of the proposed road, and in such case it would be proper for him to waive his claim, but he is to be the judge on that point. The statute affords him the proper remedy in case he is injured by the award, properly limits the time within which he must commence his suit to enforce that remedy, and clearly points out and declares what the effect shall be in case he fails to comply with its provisions. There is no pretense that the act is unconstitutional.

The order refusing to dissolve the injunction is reversed, and the injunction is dissolved.