JOHN W. SMITH *vs.* BENJAMIN TRIPP, City Treasurer of the City of Providence.

When a statute allows land to be taken for public uses, or an act to be done which causes injury, and provides a remedy or mode of proceeding to recover compensation or damages, the remedy or mode of proceeding so provided is exclusive.

Pub. Laws R. I. cap. 640, of March 8, 1866, empowered the city of Providence to take land for public water works, and provided that the owner of condemned land might recover compensation by filing his petition in the Supreme Court "at any time within, but not after, one year from the time of the taking," if he did not agree with the city upon the price of the land.

A., the owner of land taken, permitted the statutory time to elapse without agreeing upon the price, and then brought *assumpsit* against the city, declaring, *first*, on an implied promise to pay him just compensation; *second*, on a promise to pay the value of the land with interest; and *third*, on a promise to pay for the permissive taking and use of the land. The city pleaded the statute, the failure to agree for the price, and the lapse of the statutory time in bar of the suit. To this plea A. demurred.

*Held*, that the plea was good and that A. was remediless.

*Held*, further, that the statutory remedy was exclusive.

*Inman* v. *Tripp*, 11 R. I. 520, explained and distinguished.

*Held*, further, that an express promise on the part of the city provable under the pleadings must have been general in its terms and nugatory, because without consideration, whether made during the year or after its expiration.

*Held*, further, adopting the language of Lord Denman in *Beaumont* v. *Reeve*, 8 Q. B. 483, that "an express promise cannot be supported by a consideration from which the law could not imply a promise, except when the express promise does away with a legal suspension or bar of a right of action, which, but for such suspension or bar, would be valid."

*Held*, further, that on the expiration of the year the obligation of the city to pay was extinguished by its own natural determination, not by force of any interposed legal bar or suspension.

ASSUMPSIT. On demurrer to the plea.

*February* 15, 1883. DURFEE, C. J. This is *assumpsit* for the value of land formerly belonging to the plaintiff, taken and held by the city of Providence for the use of its public water works. The declaration contains three counts. The first count alleges the taking of the land, on February 3, 1870, under Pub. Laws R. I. cap. 640, of March 8, 1866, entitled "An Act for supplying the city of Providence with pure water," "by reason whereof," it further alleges, "said city of Providence became liable to pay the plaintiff a just compensation therefor; and in consideration thereof undertook and faithfully promised to pay him said just compensation or so much as he reasonably deserved to have therefor on request," &c. The second count, after alleging the taking as

aforesaid, proceeds as follows : "And said city, on the 26th day of June, A. D. 1882, at said Providence, in consideration of the premises and of the fact that no payment had been made for said land, assumed on itself, and promised the plaintiff to pay him for the land taken as aforesaid, so much as he reasonably deserved to have therefor, together with interest thereon from said third day of February, A. D. 1870, on request," &c. The third count is like the second except that it alleges that the land was taken by permission of the plaintiff instead of under the act. The act authorizes the city to take land for the uses of its water works, and provides a mode of proceeding by which the owner may recover compensation for the land if he does not agree with the city for the price to be paid therefor. The initial step of the proceeding is a petition to the Supreme Court, which the act expressly provides may be preferred " at any time within, but not after, one year from the time of the taking." The defendant pleads specially in bar of the suit that the lands described in the declaration, for which compensation is sought in the suit, were taken and have been, and still are held under the act ; that the plaintiff, though he had due notice of the taking of the lands, did not and has not hitherto agreed with the city for the price to be paid therefor, and did not within one year, nor at any time before the commencement of this suit, apply to the Supreme Court by petition, as provided in the act, for recovery of compensation. To this plea the plaintiff demurs.

The plaintiff does not question the constitutionality of the act, but contends that the mode of proceeding for the recovery of compensation is cumulative merely, not exclusive, and that therefore the action can be maintained, either on promises implied or expressly made under the declaration.

We think that, in the absence of any express promise or agreement legally binding on the city, the remedy given is exclusive. The reason is because the act gives the city the *right* to take and hold the land, the only liability annexed to the exercise of the right being a liability to make compensation to the owner in the mode provided. This being the only liability which is incurred, no promise entailing any other liability can be implied. Nor can the plaintiff sue the city as a wrong doer, because what it has done

it had a right to do. In the absence, therefore, of any express promise or agreement he can only sue on or under the act, and must consequently sue according to it. This view is sustained by numerous cases. *Colcough* v. *Nashville & N. W. R. R. Co.* 2 Head, 171, 175; *Stevens* v. *Proprietors of Middlesex Canal,* 12 Mass. 466; *Heard* v. *Proprietors of Middlesex Canal,* 5 Met. 81; *Perry* v. *City of Worcester,* 6 Gray, 544; *Spring* v. *Russell et als.* 7 Me. 273; *Mason* v. *Kennebec & Portland R. R. Co.* 31 Me. 215; *Henniker* v. *Contoocook Valley Railroad,* 29 N. H. 146; *Aldrich* v. *Cheshire R. R. Co.* 21 N. H. 359; *Calking* v. *Baldwin,* 4 Wend. 667; *McKinney* v. *Monongahela Navigation Co.* 14 Pa. St. 65; *Harper* v. *Richardson,* 22 Cal. 251; *Kimble* v. *The White Water Valley Canal Co.* 1 Ind. 285; *McCormack* v. *The Terre Haute & Richmond R. R. Co.* 9 Ind. 283; *Dyer* v. *The Tuskaloosa Bridge Co.* 2 Porter Ala. 296. The few cases which hold otherwise are exceptional. It is well settled that a reasonable limitation of the time for pursuing the statutory remedy is constitutional. Cooley on Constit. Limit. 501; *Rexford* v. *Knight,* 11 N. Y. 308; *Taylor* v. *Marcy,* 25 Ill. 518; *Harper* v. *Richardson,* 22 Cal. 251; *Cupp* v. *Commissioners of Seneca County,* 19 Ohio St. 173; *Simms* v. *Memphis, Clarksville & Louisville R. R. Co.* 12 Heisk. 621. These cases plainly presuppose that the statutory remedy is exclusive; for otherwise any limitation shorter than that of the proper common law action would amount to nothing.

The plaintiff cites *Inman* v. *Tripp,* 11 R. I. 520, 526, in support of the action. That case differs from the case at bar in this, that there the court regarded the injury complained of, to wit, the flooding of the plaintiff's premises, as unauthorized and illegal, and so decided that the statutory remedy mentioned, if applicable (and whether it was applicable or not we did not decide, see *Coe* v. *Wise,* L. R. 1 Q. B. 711), was simply cumulative. The doctrine deducible from the cases, which may be divided into three classes, is: *first,* when a statute creates a new right or liability and gives a specific remedy, the remedy given is exclusive; *second,* when a statute authorizes land to be taken for public use or an act to be done which is injurious, and provides a remedy or mode of proceeding for the recovery of compensation or damages, the rem-

edy or mode of proceeding so provided is exclusive; and *third*, when the statute provides a new remedy for an existing common law right or liability, there the new remedy is cumulative only, unless the common law remedy is excluded in express terms or by clear intendment. The case of *Inman* v. *Tripp*, on the supposition that the statutory remedy could have been resorted to, was regarded as falling in the third division.

The plaintiff contends that the action will lie because an express promise is provable under the declaration. An express promise, if made, must have been made in general terms, for the demurrer admits that the plaintiff and the city never agreed on the price to be paid for the land. Furthermore, it must have been made either before or after the year allowed for the commencement of proceedings under the act expired. We will first consider it on the assumption that it was made before the year expired. The promise to be binding must have been induced by a valid consideration. The only consideration alleged is the city's liability to pay for the land, which, as we have seen, was simply its liability to the remedy given by the act. We do not see how this liability would be a valid consideration for the promise declared on. For the promise and the liability do not correspond, and the plaintiff's right to pursue the remedy given by the act and the city's liability to the remedy remained the same after as before the promise. The promise was therefore gratuitous, the city gaining nothing and the plaintiff losing nothing by it. In fact, it was merely a proffered accord, which, even if assented to by the plaintiff, amounted to nothing without satisfaction; for, let it be noted, the declaration does not allege that the plaintiff agreed in consideration of the promise to relinquish or forego the remedy given by the act, and that he has kept or performed his agreement. If that were duly alleged, the declaration would show a new and independent contract arising out of the liability and superseding it, and would present very different questions from those which we have before us now. And see *Veasey's Adm'r* v. *Bassett's Adm'rs*, 7 Har. & J. 461.

The next question is, Would the liability be a good consideration for the express promise if the promise were made after the year expired? When the year expired the liability expired with

it, and therefore the question is, whether the liability would avail for a consideration after it had become extinct. Regarding the question simply in its logical aspect, it seems as if a liability which has ceased to exist can no more avail than one which has never begun to exist. There are cases, however, which may be thought to militate against this view. For instance, it has been decided in numerous cases that a debt which has been barred by the statute of limitations or discharged in bankruptcy is nevertheless a good consideration for a new promise to pay it. The principle on which these decisions rest, their *ratio decidendi*, has never been very satisfactorily explained. An obvious peculiarity of the cases, however, is this: That the old debt or obligation does not come to an end of itself, but is only barred or discharged by a statute operating on it from without; and the more prevalent doctrine is, that the statutory limitation or discharge, being introduced for the benefit of the debtor, may be waived by him, and that, when it is waived by the new promise, the old debt or obligation either revives or becomes so far relieved from the operation of the statute that it can enter into the new contract as the consideration of it. In the case at bar there is a difference, for here the liability comes to an end of itself; it expires by its own limitation so that it no longer exists; and therefore it is impossible to see how it can be a good consideration for the promise declared on. Even a debt or obligation which has not come to an end of itself but has been discharged, if voluntarily discharged by the creditor, has been held to be so utterly extinct that it can no longer avail as a consideration for a new promise to pay it. *Shepard & Co.* v. *Rhodes*, 7 R. I. 470. The statute liability here resembles the contract liability in *Monkman* v. *Shepherdson*, 11 A. & E. 411. There the contract was a contract for service by the terms of which the servant was to forfeit his wages if he got drunk. He did get drunk, but he claimed that the master exonerated him from the forfeiture and agreed to pay him the wages due and continued to employ him. The court held that the new promise was unavailing, being without consideration.

But it may be urged that though the legal obligation expired with the year, the moral obligation to pay for the land, which the defendant had acquired under the act, still remained and consti-

tuted a good consideration for an express promise to pay for it. There are doubtless numerous *dicta*, and some decisions, though they are fewer than is generally supposed, which maintain that a mere moral obligation to pay for benefit received is a good consideration for an express promise to pay for it. The doctrine, however, is not supported by the more authoritative modern decisions. Anson on Contracts, 81–95; Chitty on Contracts, 52 *et sq.; Shepard & Co.* v. *Rhodes,* 7 R. I. 470; *Eastwood* v. *Kenyon,* 11 A. & E. 438; *Beaumont* v. *Reeve,* 8 Q. B. 483; *Mills* v. *Wyman,* 3 Pick. 207; *Cook* v. *Bradley,* 7 Conn. 57; *Bartholomew* v. *Jackson,* 20 Johns. Rep. 28; *Ehle* v. *Judson,* 24 Wend. 97; *Porterfield* v. *Butler,* 47 Miss. 165. The true doctrine has never been better stated than by Lord Denman in *Beaumont* v. *Reeve, supra.* " An express promise," he says, " cannot be supported by a consideration from which the law could not imply a promise, except when the express promise does away with a legal suspension or bar of a right of action which, but for such suspension or bar, would be valid." See, also, *Roscorla* v. *Thomas,* 3 Q. B. 234. The idea that a promise can be supported by a mere moral obligation, simply because the promise is *express,* involves a logical inconsistency. What is a moral, as contradistinguished from a legal, obligation? A legal obligation is one which is, or which has been, and but for some legal bar or suspension would still be, capable of enforcement either at law or in equity. A moral obligation is one which either never has been, or which, once having been, has absolutely ceased to be capable of being enforced either at law or in equity. It is only obligatory *in foro conscientiæ.* If the person obliged says nothing, he owes nothing at law. How then can he become indebted or bound at law by merely uttering a naked promise? The promisor gains nothing, the promisee loses nothing, by such a promise. Where then is the consideration for it? We cannot discover any. In the case at bar, the law under which the plaintiff's land was transferred to the city compensated him by the remedy which it afforded. He let the remedy go without improvement. Thereupon the legal obligation of the city to pay him became extinct, not by force of any interposed legal bar or suspension, but by its own natural determination. And we do not see how any mere naked promise of the city

subsequently made by it can either renovate the old or create a new obligation.   Of course, when we say this we do not take into the account any right or equity growing out of any waiver or estoppel or other ground for equitable relief against the city; for the case does not show that any such right or equity exists or is claimed to exist, and it will be time enough for the court to deal with a matter of that kind when, if ever, it is presented.

The third count alleges that the city, by permission of the plaintiff, took and still holds and uses the land for its water works, whereby it became liable to pay the plaintiff a just compensation for it, and thereupon, in consideration thereof, promised to pay him the same or so much as he reasonably deserved to have therefor.   It is difficult to see how the city, by taking the land by for the permission without any conveyance would pass no title or permission of the plaintiff, can have become liable to pay for it; interest, but, in law at least, would amount to nothing but a revocable license.   The plea, however, states that the land was taken under the act, and the plea being demurred to must be accepted as true.   The city, therefore, having taken the land under the act became liable for it under the act, and the plaintiff's permission could neither add to nor modify the liability.

We think the demurrer to the plea must be overruled and the plea sustained.                                    *Demurrer overruled.*

*Benjamin N. Lapham,* for plaintiff.

*Nicholas Van Slyck & Stephen A. Cooke, Jun.,* City Solicitors, for defendant.