WEAVER OSBORN *vs.* CITY OF FALL RIVER.

Bristol.    Oct. 29, 1885. — Jan. 9, 1886.    FIELD & C. ALLEN, JJ., absent.

A claim against a city for damages occasioned to land by changing the grade of
a street cannot be submitted to arbitration under the Pub. Sts. c. 188.

DEVENS, J.    This is an appeal, under the Pub. Sts. *c.* 188,
§ 12, from an order of the Superior Court rejecting an award
made and returned into court, in pursuance of a submission,
under that chapter, of the claims of the plaintiff against the
defendant for damages done to the plaintiff's estate on Broad-
way and Rockland Street, in the city of Fall River, by lowering
the grade of Broadway, and injuring his shade trees thereon,
and also for damages to the same estate by changing the grade
of Rockland Street.    For compensation on account of these in-
juries, the plaintiff had previously filed his several petitions for
damages to the board of aldermen of said city, who had declined
thereunder to make him any award, and the agreement for sub-
mission to arbitrators was thereafter made.

As the power of arbitrators thus selected to make an award
upon which a judgment can be rendered depends wholly upon
the statute, it is necessary to inquire whether the claims submit-
ted are within the class of controversies which may properly
form the subject of such a submission.    The jurisdiction of the
arbitrators is a special jurisdiction, created entirely by statute,
and can be sustained only when the proceedings are within its
provisions.    *Henderson* v. *Adams*, 5 Cush. 610.

All controversies which may be "the subject of a personal
action at law, or of a suit in equity," may be submitted to such
an arbitration.    The plaintiff contends that the proceeding by
which he was entitled to assert his claim for damages when the
city, exercising a lawful authority, changed the grade of the
streets near his premises, might properly be termed a personal
action at law.    Personal actions are those which are brought for
the recovery of a debt, or damages for breach of a contract, or for
a specific personal chattel, or for satisfaction in damages because
of some injury to the person or to personal or real property.
1 Chit. Pl. (16th Am. ed.) 142.    They are divided by the statute

into three classes, actions of contract, of tort, and of replevin. Pub. Sts. c. 167, § 1. Within neither can be included the right which the plaintiff had to proceed for damages, if injury was occasioned to his premises by change of the grade of the streets upon which his estate abutted. Although the city might be compelled to pay damages upon a proper proceeding, it had made no contract that it would do so, nor had it committed any wrong to the plaintiff in doing that which was done. The obligation which the city was under to compensate the plaintiff for injury to his estate, if any had been caused, was one imposed by the statute, and to be sought only in the manner therein provided. It is to be observed, also, that, while the statute makes provision for an appeal to a jury by any party aggrieved by the assessment of his damages by reason of the change in the grade of a way or of specific repairs thereon, upon proper application therefor, the matter of such complaint, if the parties agree, may be referred to a committee to assess the same, which committee is to be appointed by the authority of the tribunal to which such application is to be made. Pub. Sts. c. 49, §§ 32, 79, 91. So that a proceeding analogous to arbitration is actually provided for in such cases.

It was held in *Henderson* v. *Adams, ubi supra*, that a claim under the mill act for damages to land, occasioned by flowing it by a mill-dam, was not included within the phrase "all controversies which might be the subject of a personal action at law, or of a suit in equity," used in the Rev. Sts. c. 114, and that it could not, therefore, be the subject of a submission to arbitration before a justice of the peace. This appears to be quite decisive of the case at bar. It is true that a jury under the mill act may regulate the height and character of the dam, the times when the dam shall be kept open, the annual or gross damages, &c., while the question before the arbitrators in the case before us was one of damages solely. But the decision in *Henderson* v. *Adams* is not placed upon any reason derived from the variety of duties which are imposed upon a jury proceeding under the mill act, but upon the simple ground that the damage sought for flowing land by a mill-dam could be recovered only in the mode provided by statute, and that a claim for it was not the subject of a suit at law or in equity, but of a particular statutory

mode of redress, which must be pursued. It is not necessary now to decide whether a city or town has power to refer the determination of the damages sustained by a landowner to an arbitration at common law, or whether such an act would be, on its part, *ultra vires*. *Boston* v. *Brazer*, 11 Mass. 447. *Somerville* v. *Dickerman*, 127 Mass. 272. It cannot form the subject of a submission to arbitration under the Pub. Sts. *c.* 188.

*Decree affirmed.*

*H. K. Braley, & M. G. B. Swift*, for the plaintiff.
*J. F. Jackson*, for the defendant.