WALTER S. HODGDON *vs.* CITY OF HAVERHILL.

SAME *vs.* SAME.

Essex.   November 7, 1906. — January 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Constitutional Law. Tax,* Assessments for street watering. *Pleading, Civil,* Declaration or petition, Statute of limitations. *Equity Pleading and Practice. Limitations, Statute of.*

St. 1897, c. 419, now R. L. c. 26, §§ 26, 27, authorizing assessments for the watering of streets in cities, is constitutional as applied to occupied estates in the central portion of a large city.  Following *Sears* v. *Boston,* 173 Mass. 71.

In a petition to recover from a city assessments for street watering paid under protest, an averment, that the lot opposite the petitioner's estate is unoccupied, belongs to two owners and is divided in the middle by a fence, is not equivalent to an averment that the petitioner's estate is not an occupied estate in the central portion of a large city.

A petition in the nature of a bill in equity to recover from a city assessments for street watering paid under protest, even if it can be amended in such a way as to show that the remedy is a proper one, must be dismissed on demurrer if it contains no averments showing the assessments to have been illegal.

The defence in a personal action that the cause of action accrued more than six years before the date of the writ must be taken by answer and not by demurrer.

A declaration in an action against a city, purporting to be an action of contract, alleging that the defendant is indebted to the plaintiff in a sum named, by reason of making a forcible entry upon the plaintiff's close and appropriating a certain portion of the plaintiff's front yard for sidewalk use, and continuing in adverse possession thereof for nearly twenty years, assessing and collecting taxes against the land and refusing the plaintiff compensation, the plaintiff claiming sufferance rent for the period of detention of the land by the defendant, does not set forth a cause of action.

SHELDON, J.   The first of these actions appears to be a petition to recover back the amount of assessments for street watering, assessed upon the petitioner's estate in Haverhill for the successive years from 1897 to 1904, inclusive, by the boards of aldermen of Haverhill for those respective years, upon the averments that he had protested in each of these years against sprinkling the street in front of his estate, that in each year he petitioned the board of aldermen for an abatement but that generally his petitions were referred to the files without having been read, and that he was not notified by the respective boards

of aldermen of any action taken by them. He avers that the first three of these assessments were collected from some person to him unknown, and that the last five were paid by him under protest. The respondent filed a general demurrer to this petition; and the case comes before us on the petitioner's appeal from an order of the Superior Court dismissing his petition.

These assessments appear to have been laid under St. 1897, c. 419, now R. L. c. 26, §§ 26, 27. We find no averment in the petition upon which it can be contended that the assessments were not levied in compliance with the provisions of this statute; and its constitutionality, as applied to occupied estates in the central portion of a large city, has been affirmed upon careful examination by this court. *Sears* v. *Boston,* 173 Mass. 71. The mere averment that the lot opposite the petitioner's estate is unoccupied, belongs to two owners, and is divided in the middle by a fence, is in no sense equivalent to an averment that the petitioner's estate is not an occupied estate within the central portion of a large city. No attempt has been made to quash any of these assessments by a petition for certiorari. R. L. c. 192, § 4. No abatement has been made by the assessors under R. L. c. 26, § 27. No attempt has been made by petition for mandamus or otherwise, to compel action by the boards of aldermen or by the assessors upon any proceedings taken by the petitioner before them. Nor is the question presented whether the petitioner could treat the non-action of the boards of aldermen upon his petitions as a refusal by them to give him any relief; and whether he could thereupon obtain redress under the provisions of R. L. c. 12, §§ 77, 78. Apart from the difficulties stated in the memorandum of the judge of the Superior Court,* and assuming with-

---

* The memorandum was made by *Bell,* J., and the portion referred to was as follows:

" No. 4885 is a petition asking the repayment of certain assessments for street watering alleged to be illegal and paid under protest. Such assessment could only be abated by the assessors on the recommendation of the aldermen. R. L. c. 26, §§ 26, 27. If as he alleges the aldermen have refused to give him a hearing on his petition for abatement, they have done him a wrong, but whether that refusal has made the assessment void, cannot be determined in this proceeding.

" Although the defendant has not expressly taken that objection, the proceedings in this form cannot be sustained and no judgment could be founded

out intimating that the petitioner could find a way of getting over these difficulties by amendment, we see no ground upon which the petition can be maintained. Accordingly the order of the Superior Court dismissing this action must be affirmed; and it is

*So ordered.*

The second case is an action of contract, in which the plaintiff's declaration reads as follows: "And now comes the plaintiff in the above entitled action, and says that the defendant is indebted to him in the sum of five hundred and eighty-three dollars and forty-four cents, with costs, to wit: That, in open court, on the second day of December, 1903, at Haverhill; and on the sixteenth day of June, 1904, at Salem; and on the thirtieth day of November, 1904, at Lawrence, the defendant confessed to making a forcible entry upon the plaintiff's close, in June, 1885, and to appropriating sixty square feet or one tenth of the plaintiff's front yard for sidewalk use; and the defendant continued the said adverse possession up to the eighteenth day of May, 1905, and, without protest, assessed and collected taxes against the said land throughout the said adverse possession and has refused to give the plaintiff any compensation. And the plaintiff claims sufferance rents for the seven thousand two hundred and ninety-three days, which the defendant detained the said land, at the rate of eight cents per day, with court costs." The defendant demurred to this declaration on the grounds that the plaintiff's grievance was the taking of land for the purpose of a highway and the plaintiff's remedy was by petition for the assessment of damages; that there was no allegation of an agreement, expressed or implied, necessary to establish the relation of landlord and tenant; that the plaintiff's cause of action was for forcible entry by the defendant upon the plaintiff's land and appropriating a part thereof as a sidewalk, and for such wrongful acts an action of contract does not lie; and that no cause of action

on them. R. L. c. 167, § 15 requires such actions to be begun by writ. While St. 1887, c. 383 was in force the action could have been begun by petition but that act was omitted from the Revised Laws on the recommendation of the commissioners and expressly repealed. R. L. c. 227.

"Whether by amendment the defect can be remedied, I do not express an opinion."

known to the law was set forth. A further alleged cause of demurrer, that it appears from the declaration that the cause of action did not accrue within six years before the suing out of the plaintiff's writ, need not be considered; for it is settled that this is a defence which should be taken by answer and not by demurrer. *Sawyer* v. *Boston*, 144 Mass. 470, 472. *Thomas* v. *Waterman*, 7 Met. 227, 229. It is for this reason that, if a new promise or other new matter is relied upon to remove the bar of the statute, the declaration is properly upon the original cause of action, and the new matter may then be shown in reply to a plea of the statute of limitations. *Baxter* v. *Penniman*, 8 Mass. 133. *Way* v. *Sperry*, 6 Cush. 238, 241.

It is manifest, however, that the facts alleged in the declaration show nothing more than a trespass upon the plaintiff's land, followed by a continued unlawful possession thereof for nearly twenty years.* As the plaintiff does not aver any express contract by the defendant to pay him for the use of this land and does not set out any facts from which such a promise could be implied, it requires no citation of authorities to show that this action cannot be maintained as brought. If, as was suggested in the plaintiff's brief, though not averred in his declaration, his land was taken by eminent domain for the construction of a sidewalk, he was given full redress under the statutes now embodied in R. L. c. 48. If he has lost this right by his own delay in enforcing it, he cannot resort to the remedy sought in this action. *Lancy* v. *Boston*, 185 Mass. 219, and cases there cited. Accordingly the defendant's demurrer properly was sustained.

If in the opinion of the plaintiff, any amendment of his writ or declaration would enable him to maintain his action, he must apply to the Superior Court for the necessary permission.

Accordingly, upon the pleadings before us, the order of the Superior Court sustaining the demurrer and ordering judgment for the defendant must be affirmed; and it is

*So ordered.*

*W. S. Hodgdon, pro se.*

*G. M. G. Nichols*, for the defendant, submitted a brief.

---

* The date of the writ was June 26, 1905.