HARRY KLEIN *vs.* COMMONWEALTH.

Berkshire.    September 18, 1945. — October 31, 1945.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Equity Jurisdiction*, Other remedy, Rescission. *Eminent Domain*, Damages. *Contract*, Rescission. *Practice, Civil*, Petition for land damages.

A landowner from whom the Commonwealth had taken land by eminent domain could not maintain a proceeding in equity against it to rescind for fraud an agreement made by him with it for the settlement of his damages, where he had previously brought and there was pending a petition for the assessment of his damages under G. L. (Ter. Ed.) c. 79, at the trial of which the Commonwealth had made a successful defence based on such agreement; he had an adequate remedy respecting such fraud by attacking the agreement in the statutory proceeding.

A court of equity had no power to confer upon a landowner the privilege of filing a second petition for the assessment of land damages after he had unsuccessfully prosecuted one such petition, or of petitioning for damages at a time different from that fixed by statute therefor.

PETITION, filed in the Superior Court on July 26, 1941.

The case was heard on demurrer by *Walsh*, J.

*H. Klein*, pro se.

*C. A. Barnes*, Attorney General, & *M. A. Fredo*, Assistant Attorney General, for the Commonwealth, submitted a brief.

QUA, J.    It is alleged in this petition filed in the Superior Court in 1941 that in 1939 the Commonwealth took from the petitioner for State highway purposes two parcels of land in West Stockbridge; that in 1940 he "duly" filed a petition for the assessment of his damages; that at the trial of that petition the Commonwealth "offered to prove" an alleged agreement referred to as "exhibit 6" for settlement.

of the damages; that the judge then submitted to the jury the question whether "exhibit 6" (which must have been admitted in evidence) had been filled out "in its present form" when it was signed by the petitioner, to which the jury answered, "Yes"; and that the judge thereupon directed the jury "to assess no damages." The present petition continues with allegations in effect that the petitioner's signature to the agreement for settlement, "exhibit 6," had been obtained by fraudulent representations of an agent acting for the Commonwealth, who had also made fraudulent insertions in the instrument and had affixed a seal to it without the consent or knowledge of the petitioner after the petitioner had signed, and that before the trial of the petition for assessment of damages the Commonwealth had waived and abandoned the agreement, "exhibit 6." The prayers are that the court declare "exhibit 6" null and void, and that the court decree that the petitioner shall have a right to file a new petition for assessment of his damages. It is plain that this petition is in the nature of a suit in equity for rescission of the alleged agreement relative to damages.

The Commonwealth demurred for the causes, among others, that the petition set forth no ground for relief in equity, and that the petitioner had a full, complete, and adequate remedy upon the petition for assessment of damages. The petitioner appeals from decrees sustaining the demurrer and dismissing the petition.

The decrees were right.

The petition now before us shows that the petitioner had a complete remedy through a petition for assessment of damages for the takings brought under G. L. (Ter. Ed.) c. 79, § 14. He had no need of recourse to equity. At the trial of such a petition an agreement tainted with fraud would not avail the Commonwealth. *Gale* v. *Nickerson*, 151 Mass. 428, 432. See *Russell* v. *Barstow*, 144 Mass. 130; *Preston* v. *Newton*, 213 Mass. 483; *Wine* v. *Commonwealth*, 301 Mass. 451, 454. Moreover, the present petition further shows that the petitioner actually brought a proceeding for the assessment of damages which, so far as appears,

was still pending when the present petition was filed.[1] It also shows, perhaps obscurely but sufficiently, that there has been a trial in that proceeding at which the Commonwealth has used the alleged agreement as a defence. At that trial the petitioner could have attacked the settlement upon every ground upon which he now seeks to have it rescinded. Indeed, so far as appears he may have done so. Although no question of res judicata is presented, it is nevertheless clear that an adequate and complete legal remedy was available to the petitioner in the former statutory proceeding which he himself commenced and in which he has had his day in court. That proceeding was the only means he could ever have to recover damages for the takings. It does not appear that any decree relieving the petitioner from the settlement agreement would be of any value to him. For these reasons he should not now be allowed to maintain an independent petition in equity. *New York, New Haven & Hartford Railroad* v. *Martin,* 158 Mass. 313. *Nash* v. *D'Arcy,* 183 Mass. 30. *Payson* v. *Lamson,* 134 Mass. 593, 597–599. *Hooker* v. *Porter,* 271 Mass. 441, 446–447. *Morin* v. *Ellis,* 285 Mass. 370, 373. This case differs from cases in which a defendant having a purely equitable defence has been held entitled to elect either to set it up under the statute (G. L. [Ter. Ed.] c. 231, § 31) in an action against him or to bring a bill in equity to restrain the prosecution of the action or the enforcement of the judgment against him, if one is obtained. *Liberty Mutual Ins. Co.* v. *Hathaway Baking Co.* 306 Mass. 428, 432, and cases cited.

It is hardly necessary to add that in so far as the petitioner prays for a decree that he may be allowed to file a new petition for assessment of damages, his rights are governed by the pertinent statute (G. L. [Ter. Ed.] c. 79, particularly §§ 14 and 16), and the courts have no power to confer upon him the privilege of filing successive petitions or of petitioning at times different from those fixed by statute.

---

[1] In his brief the petitioner says that his petition for the assessment of damages went to judgment in favor of the Commonwealth on February 28, 1944, long after the present petition was filed.

In deciding the case upon the points argued we intend no implication as to whether a petition to rescind an agreement for fraud presents a "claim" which may be prosecuted against the Commonwealth within the authority conferred by G. L. (Ter. Ed.) c. 258. See *Murdock Parlor Grate Co.* v. *Commonwealth,* 152 Mass. 28; *Arthur A. Johnson Corp.* v. *Commonwealth, ante,* 88, 92.

The decrees sustaining the demurrer and dismissing the petition are affirmed. A number of appeals appearing in the record relating to various interlocutory matters, if properly before us at all, have become immaterial and are dismissed.

*So ordered.*