James J. CONNELL and Agnes Connell, His Wife, Plaintiffs,

v.

ALGONQUIN GAS TRANSMISSION COMPANY, Defendant.

Civ. A. No. 2453.

United States District Court
D. Rhode Island.

May 29, 1959.

454

Jacob S. Temkin, Providence, R. I., Amedeo C. Merolla and John C. Burke, Newport, R. I., of counsel, for plaintiffs.

Nathan Perlman, John P. Bourcier, Providence, R. I., for defendant.

DAY, District Judge.

This is an action brought by James J. Connell and Agnes Connell, his wife, both citizens of the State of Rhode Island, against Algonquin Gas Transmission Company, a Delaware corporation, duly qualified to do business in the State of Rhode Island and having a regular place of business in said state. Jurisdiction of this Court is based upon diversity of citizenship and the existence of a controversy in the requisite amount.

The complaint contains three counts. In Count I, in addition to the required jurisdictional averments, the plaintiffs allege in substance that the plaintiff James J. Connell was on or about July 14, 1952 the owner of a tract of land in the Town of Seekonk, County of Bristol, in the Commonwealth of Massachusetts; that the plaintiff Agnes Connell had a dower interest therein; that on or about July 10, 1952 the defendant was granted an order from the Department of Public Utilities of said Commonwealth under which the defendant is claiming an easement on, over, through and under said land to lay, construct, maintain and alter a natural gas transmission pipe line; that the defendant has filed certain documents in the Registry of Deeds of said Bristol County, thereby claiming said alleged easement; that by the defendant's entry on said land and the laying out of said pipe line, and as a result of said actions of the defendant, the plaintiffs have sustained irreparable damages; that said actions of the defendant were allegedly taken pursuant to Chapters 79 and 164 of the General Laws of Massachusetts, as amended, which require the defendant to pay a landowner, whose land has been so damaged by its actions, a reasonable sum for the damages sustained to said land; and that no damages have been paid to the plaintiffs despite their requests for payment. Count I concludes with a request that this Court "assess damages against the defendant in the sum of Thirty Thousand Dollars" with interest, costs and expenses of this action.

In Count II, the plaintiffs repeat the same allegations as to jurisdiction and those with respect to the actions of the defendant and the damages sustained by them; and further allege that the defendant took said easement without complying with the provisions of said Chapters 79 and 164 and that said taking was therefore invalid and arbitrary. Count

II concludes with a prayer that this Court decree said taking was invalid; order the defendant to remove its equipment and effects from said land and to remove the cloud on plaintiffs' title now existing in said Registry of Deeds by reason of its actions; and award the plaintiffs damages in said sum of thirty thousand dollars with interest, costs and the expenses of this action.

In Count III, the plaintiffs repeat the same allegations as to jurisdiction and with respect to the actions of the defendant and the damages sustained by them. Count III further alleges that said Chapters 79 and 164 impose a duty upon the defendant to give the plaintiffs reasonable notice of said actions, and that "the defendant was negligent in that no notice was received of said actions"; that the statute of limitations under said Chapter 79 now prevents them from bringing an action at law against the defendant for the assessment of damages; and concludes with a demand for judgment in said sum of thirty thousand dollars with interest, costs and expenses of this action.

The defendant has moved to dismiss on the following grounds (1) because the causes of action alleged in the complaint arise out of Massachusetts condemnation proceedings involving land located in Seekonk, Bristol County, Massachusetts, as appears from the complaint, and (2) because the Court lacks jurisdiction of the subject matter.

With respect to Count I, the defendant contends that the action alleged therein is a local action and hence not within the jurisdiction of this Court. Plaintiffs assert with equal vigor that it is transitory and that, since this Court has jurisdiction over the parties, it is properly maintainable here. It is clear that Count I is in essence a petition for the assessment of damages for the taking by the defendant of an easement in land situated in the Commonwealth of Massachusetts, and brought pursuant to the provisions of the General Laws of that Commonwealth. The General Laws of Massachusetts provide that a petition for

the assessment of damages is the proper mode for enforcing a landowner's right to compensation where his land (or any interest therein) is taken pursuant to the eminent domain laws of said Commonwealth. Mass.Gen.L. (Ter.Ed.1932), c. 79 § 7. Said chapter provides that such a petition shall be heard only by the Superior Court for the county in which the land is located. Id. § 14. In addition, said chapter makes provision for trial by jury, and a jury view of the land taken. Id. § 22. And the remedies afforded by said chapter are expressly stated to be exclusive. Id. § 45.

It is well settled that where the legislature of a state authorizes the taking of land or rights therein for public use, and the taking is in accordance with the statute, and a plain and adequate remedy is provided for compensation— that remedy is exclusive. Kaukauna Water-Power Co. v. Green Bay and Mississippi Canal Co., 1891, 142 U.S. 254, 12 S.Ct. 173, 35 L.Ed. 1004; Amory v. Commonwealth, 1947, 321 Mass. 240, 72 N.E.2d 549, 174 A.L.R. 370; Klein v. Commonwealth, 1945, 318 Mass. 592, 63 N.E.2d 360; Hodgdon v. City of Haverhill, 1907, 193 Mass. 327, 79 N.E. 818; Lancy v. City of Boston, 1904, 185 Mass. 219, 70 N.E. 88; Osborne v. City of Fall River, 1886, 140 Mass. 508, 5 N.E. 483; Smith v. Tripp, 1883, 14 R.I. 112; 18 Am.Jur., Eminent Domain § 380.

Plaintiff contends that Count I may be regarded as an action upon an implied contract imposed by law upon the defendant to pay damages to the plaintiffs for the taking of their lands; and that it is hence a transitory action over which this Court has jurisdiction. The contention is without merit. See Hodgdon v. City of Haverhill, supra; Smith v. Tripp, supra.

In this count, the plaintiffs seek to recover damages for injury to their land. By the great weight of authority an action to recover damages for injury to land is local and can be maintained only in the courts of the state where the land is situated. Ellenwood v. Marietta

Chair Co., 1895, 158 U.S. 105, 15 S.Ct. 771, 39 L.Ed. 913; Northern Indiana R. Co. v. Michigan Central R. Co., 1853, 15 How. 233, 14 L.Ed. 674; Livingston v. Jefferson, 1811, C.C.Va., 15 Fed.Cas. page 660, No. 8,411, 1 Brock 203; Allin v. Connecticut River Lumber Co., 1890, 150 Mass. 560, 23 N.E. 581, 6 L.R.A. 416.

■ In my opinion the remedy provided by said Chapter 79, which the plaintiffs seek to enforce in Count I, is exclusive and local; and an action thereon is maintainable only in the county where the land of the plaintiffs is located. Cf. Arizona Commercial Mining Co. v. Iron Cap Copper Co., 1920, 236 Mass. 185, 128 N.E. 4. This is not to say, however, that Massachusetts has the power to deny recourse to the federal courts. While said Chapter 79 does provide that a petition for assessment of damages for a taking of land thereunder shall be brought in the superior court for the county where said land is located, it is clear that such a provision cannot deprive a federal court sitting in said county of jurisdiction to entertain such a petition if other federal jurisdictional requirements are met. See Madisonville Traction Co. v. Saint Bernard Mining Co., 1905, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462; Searl v. School District No. 2, 1888, 124 U.S. 197, 8 S.Ct. 460, 31 L.Ed. 415; Boom Co. v. Patterson, 1878, 8 Otto 403, 25 L.Ed. 206; Frank Mashuda Company v. County of Allegheny, 1958, 3 Cir., 256 F.2d 241; City of Thibodaux v. Louisiana Power & Light Company, 1958, 5 Cir., 255 F.2d 774; In re Delafield, 1901, C.C.Pa., 109 F. 577.

Since the claim alleged in Count I is local, it is not within the jurisdiction of the United States District Court for the District of Rhode Island to hear and determine. The defendant's motion to dismiss said count must therefore be granted.

■ As hereinbefore pointed out, Count III purports to state a cause of action against the defendant sounding in negligence. I have grave doubt that said count as phrased alleges the breach of any duty owed by the defendant to the plaintiffs with resultant damages to them. But, assuming that it can be construed to allege a failure to *give* the notice of the taking of said easement prescribed by Mass.Gen.L. (Ter.Ed. 1932), c. 79 § 8, such failure is expressly declared not to affect the validity of the proceedings taken under said chapter 79. Id. § 8. And said chapter further provides that any person whose property has been taken or injured by proceedings thereunder and who has not received notice of said proceedings at least sixty days before the expiration of one year after his right to damages has vested may file a petition for assessment of damages within six months from the time when possession of his property has been taken or the receipt by him of actual notice of the taking, whichever first occurs. Id. § 16.

Since the taking was within said chapter, the remedy provided therein is exclusive. If the plaintiffs have lost their rights by their own delay in enforcing them, they cannot resort to the remedy sought in this count. Hodgdon v. City of Haverhill, supra; Lancy v. City of Boston, supra; Smith v. Tripp, supra. It follows that this Court is without jurisdiction of the matters alleged in Count III, and the defendant's motion to dismiss said count is therefore granted.

In Count II the plaintiffs seek not only an award of damages for injury to their land but also equitable relief by way of mandatory injunctions against the defendant. They contend that since this Court has jurisdiction over the defendant, it has jurisdiction to grant the relief sought even though land situated in the Commonwealth of Massachusetts may be affected by the granting thereof.

The limitations which restrict the actions of a court of equity in controversies involving real estate situated beyond the territorial jurisdiction of such a court

are not entirely clear. In the landmark case of Massie v. Watts, 1810, 6 Cranch 148, at page 159, 3 L.Ed. 181, Chief Justice Marshall said:

> "Upon the authority of these cases and others which are to be found in the books, as well as upon general principles, this court is of opinion that, in a case of fraud, or trust, or of contract, the jurisdiction of a court of chancery is sustainable, wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.

> "The inquiry, therefore, will be, whether this be an unmixed question of title, or a case of fraud, trust or contract? * * * *"

■ This statement of the rule may, as suggested by Judge Learned Hand, be too narrow. See Amey v. Colebrook Guaranty Sav. Bank, 1937, 2 Cir., 92 F.2d 62, certiorari denied 1937, 302 U. S. 750, 58 S.Ct. 271, 82 L.Ed. 580. Be that as it may, it appears to be well settled that where the defendant is under no personal obligation which a court may enforce, such as to convey land to the plaintiff or to hold land for his benefit, the court will abstain from exercising jurisdiction in cases involving realty situated in another state. Carpenter v. Strange, 1891, 141 U.S. 87, 11 S.Ct. 960, 35 L.Ed. 640; Northern Indiana R. Co. v. Michigan Central R. Co., supra; Amey v. Colebrook Guaranty Sav. Bank, supra; Irrigation Land & Improvement Co. v. Hitchcock, 1907, 28 App.D.C. 587, appeal dismissed 1909, 215 U.S. 613, 30 S. Ct. 401, 54 L.Ed. 349; Canter v. Purse, D.C.Mun.App., 1956, 126 A.2d 628; Bowden v. Ide, 1927, 48 R.I. 441, 138 A. 190; Ophir Silver Mining Co. v. Superior Court, 1905, 147 Cal. 467, 82 P. 70.

In Count II, the plaintiffs do not allege the existence of, nor do they seek to enforce, any personal obligation owed to them by the defendant arising out of contract, trust or fraud. On the contrary, the plaintiffs' right to equitable relief under this count depends directly on the validity of the defendant's easement. Their primary objective is not to require the defendant to perform a contract, to carry out a trust or to undo the effects of a fraud, but rather to determine the title and incidental right to possession of land. This is a local question which should be decided only by the courts within whose territorial jurisdiction such land is located.

■ In my judgment Count II falls within the rule laid down in Northern Indiana R. Co. v. Michigan Central R. Co., supra, where similar equitable relief was sought in a federal court not having territorial jurisdiction over the land. In affirming the lower court's dismissal of the bill on jurisdictional grounds, the Supreme Court said at page 244:

> "It will readily be admitted, that no action at law could be sustained in the district of Michigan, on such ground, for injuries done in Indiana. No action of ejectment, or for trespass on real property, could have a more decidedly local character than the appropriate remedy for the injuries complained of. And is this character changed by a bill in chancery? By such a procedure, we acquire jurisdiction of the defendants, but the subject-matter being local, it cannot be reached by a chancery jurisdiction, exercised in the State of Michigan. A State court of Michigan, having chancery powers, may take the same jurisdiction, in relation to this matter, which belongs to the Circuit Court of the United States, sitting in the district of Michigan. And it is supposed that no court in that state, could assume such a jurisdiction."

Since the cause of action alleged in Count II is likewise local, this Court is without jurisdiction to hear and determine it. Accordingly, the defendant's motion to dismiss that count is granted.

In conclusion, the defendant's motion to dismiss the entire complaint for want of jurisdiction is granted.