ALLEN MARKELSON *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY & others.[1]

Essex. February 5, 1981. — May 5, 1981.

Present: HENNESSEY, C.J., BRAUCHER, WILKINS, LIACOS, & ABRAMS, JJ.

*Employment Security,* Judicial review. *District Court,* Jurisdiction,
　Venue. *Jurisdiction,* Employment security.

A District Court judge erred in dismissing for want of jurisdiction an
　action for review of the denial of unemployment compensation on the
　ground that the court was not within the judicial district in which the
　plaintiff lived or was last employed or had his usual place of business
　as required by G. L. c. 151A, § 42; the language of § 42 determines
　the venue, not the jurisdiction, of such a proceeding and, in the
　absence of prejudice to the court or the parties, the plaintiff's motion
　to change venue should have been allowed. [517-519]

CIVIL ACTION commenced in the Central Northern Essex
Division of the District Court Department on January 10,
1980.

The case was heard by *Brisson, J.,* on motion to dismiss.

*John C. Sullivan,* for the plaintiff, submitted a brief.

LIACOS, J. The plaintiff Allen Markelson appeals from the
dismissal of his action for District Court review of the denial of
unemployment compensation. G. L. c. 151A, § 42; Dist.
Mun. Cts. R. Civ. P. 140 (1975). The District Court judge
dismissed the claim on the footing that the Haverhill District
Court lacked jurisdiction. We reverse the order of the District
Court and order reinstatement of the complaint.

The record indicates that Markelson was totally unem-
ployed from early June, 1978,[2] but filed no claim for un-

---

[1] Statewide Investigations Service, Inc., and Revenue Recovery Service,
Inc.

[2] The record is ambiguous as to the precise time Markelson's unemploy-
ment began.

employment compensation until October 16, 1979. A hearing was held on November 13, 1979, and the claim was denied by a review examiner of the Division of Employment Security. The director of the Division of Employment Security (director) affirmed the denial of benefits; and on December 13, 1979, the board of review denied further review. Markelson then filed an action for judicial review in the Haverhill District Court, pursuant to G. L. c. 151A, § 42. His claim was brought within the thirty-day statutory time period. The defendants moved to dismiss for lack of jurisdiction and improper venue. Mass. R. Civ. P. 12 (b) (1) and (3), 365 Mass. 754 (1974). They sought dismissal because Markelson's residence in North Andover lies within the judicial district of the Lawrence District Court, and Markelson had not alleged a usual place of business or that he was last employed within the district of the Haverhill District Court.[3] Markelson promptly filed a motion for change of venue. He averred that he brought the action in Haverhill upon the advice of officials of the Division of Employment Security. On May 14, 1980, after oral argument, the judge allowed the defendants' motions to dismiss upon his finding that Markelson did not reside or have a place of business nor was he last employed within the boundaries of the Haverhill District Court. The judge then reported the matter to this court.

Though factually dissimilar, this case raises the identical question we addressed in *Shulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 78 (1975): Does failure to follow statutory procedures in any particular deprive the reviewing court of jurisdiction? In *Schulte* this

---

[3] General Laws c. 151A, § 42, as amended by St. 1978, c. 478, § 79, provides, in part: "The director or any interested person aggrieved by any decision in any proceeding before the board of review may obtain judicial review of such decision by filing, within thirty days of the date of mailing of such decision, a petition for review thereof in the district court within the judicial district in which he lives, or is or was last employed, or has his usual place of business, and in such proceeding every other party to the proceeding before the board shall be made a party respondent."

court enunciated a "coherent rationale . . . of litigative pro-
cedure," derived from the clear implication of several
earlier decisions. 369 Mass. at 79. That rationale calls for
differentiating serious missteps of procedure from relatively
innocuous ones. *Id.* Only errors which are "repugnant to
the procedural scheme" or prejudicial to the other parties
would justify outright dismissal. *Id.* at 79-80. Under the
*Schulte* test, the question before us is whether Markelson's
error was a serious or innocuous misstep. We find it innoc-
uous for the following reasons.

The language of G. L. c. 151A, § 42, determines the
venue, not the jurisdiction of such a proceeding. Section 42
indicates that it is appropriate for an aggrieved party to file
a petition "in the district court within the judicial district in
which he lives, or is or was last employed, or has his usual
place of business . . . ." The statutory options regarding
the locus for judicial review appear to have been selected for
the benefit of the aggrieved party. Cf. G. L. c. 151A, § 74
(statutory purpose to lighten burden of unemployed worker).

The matter of venue has procedural implications totally
distinct from jurisdiction. Venue "commonly has to do
with geographical subdivisions, relates to practice or pro-
cedure, may be waived, and does not refer to jurisdiction at
all." *Paige* v. *Sinclair*, 237 Mass. 482, 484 (1921). The provi-
sions of G. L. c. 218, § 2A, confirm this view.[4] See *Pierce*
v. *Board of Appeals of Carver*, 369 Mass. 804, 808-809
(1976). Venue being a procedural matter which in no way
affects the inherent authority of a District Court to enter-

---

[4] General Laws c. 218, § 2A, inserted by St. 1951, c. 325, provides:
"Each district court shall have civil jurisdiction of actions local or tran-
sitory begun in such court which should have been brought in some other
district court, to the extent that the court in which the action is begun may
try and dispose of the case if the question of venue is waived or, if not
waived, the court may, on motion of any party, order the action, with all
papers relating thereto, to be transferred for trial or disposition to any
other district court in which the action might have been commenced." Cf.
Mass. R. Civ. P. 12 (h) (1), 365 Mass. 754 (1974) (objections to lack of
venue may be waived), Mass. R. A. P. 3 (a), as amended, 378 Mass. 924
(1979).

tain unemployment compensation claims, dismissal on that single basis is not required as a matter of law.

Furthermore, the nature of Markelson's error suggests no need to dismiss as a matter of judicial discretion. Markelson represented that he acted on the good faith belief that venue was proper in the Haverhill District Court, and he moved promptly for transfer when he learned about the error. The director and the other defendants appear to have been prepared to present a defense in either Haverhill or Lawrence. No question of lack of notice, unfairness, or other claim of prejudice to the parties appears on the record. Contrast *Schubach* v. *Household Fin. Corp.*, 375 Mass. 133, 134-135 (1978) (bringing collection action in court of proper venue may nevertheless constitute an unfair practice). The transfer of venue permitted under G. L. c. 218, § 2A, does not duplicate proceedings already completed or unreasonably obstruct the continuity of action. We see no prejudice either to the court or to the parties that would ensue by permitting Markelson's motion to change venue.

As we hold that it was error to dismiss Markelson's complaint for lack of jurisdiction and we find no significant issue of discretion, we reverse the judgment of the District Court. We remand the case to the Haverhill District Court where the motion for change of venue is to be deemed allowed. The case is to be transferred, pursuant to G. L. c. 218, § 2A, to the Lawrence District Court for proceedings on the merits.

*So ordered.*