**Paul K. DONOVAN,**

v.

**TOWN OF EDGARTOWN, MASSACHUSETTS.**

**Civil Action No. 07–10019–RGS.**

United States District Court, D. Massachusetts.

July 25, 2008.

Derek B. Domian, Richard W. Renehan, Denis M. King, Goulston & Storrs, P.C., Boston, MA, Michael A. Goldsmith, Reynolds Rappaport & Kaplan, Edgartown, MA, for Town of Edgartown.

Joel E. Faller, George A. McLaughlin, III, The McLaughlin Brothers, LLP, Boston, MA, for Paul K. Donovan.

### DEFENDANT'S MOTION FOR TRIAL IN DUKES COUNTY

STEARNS, District Judge.

This is a diversity action arising from the defendant Town of Edgartown's taking of 2.18 acres of residentially-zoned land by eminent domain pursuant to Mass. Gen. Laws ch. 79, § 1 *et seq.* Plaintiff Paul Donovan is seeking an assessment of damages. Relying on Fed.R.Civ.P. 71.1(k), and Mass. Gen. Laws ch. 79, §§ 14 and 22, the Town moves for a trial in Dukes County before a jury comprised exclusively of Dukes County residents. Donovan opposes the motion, arguing that it "is a clear attempt … to subvert the purposes of federal diversity jurisdiction by limiting the jury pool to the defendant's residents and immediate neighbors and prejudicing the plaintiff by forcing him to try the case in a small community prejudiced by pretrial publicity." [1]

It is well-settled that federal courts sitting in diversity have jurisdiction to entertain State eminent domain cases. In doing so, a federal court applies the substantive law of the State in which the taking occurs. *See County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 196, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959). Rule 71.1(k) [2] was adopted specifically to govern these rare cases. The Rule mandates that "if state law provides for trying an issue by jury—or for trying the issue of compensation by jury or commission or both—that law governs." In a 1951 Supplementary Report, the Advisory Committee explained that the Rule as adopted

> accepts the state law as to the tribunals to fix compensation, *and in that respect* leaves the parties in precisely the same situation as if the case were pending in a state court, including the use of a commission with appeal to a jury, if the state law so provides. It has the effect of

---

[1] In the summer of 2006, Donovan was informed that the Town intended to take 2.18 acres of property that he owned in downtown Edgartown to expand the public cemetery. Donovan was about to break ground to build four residences on the property. He had subdivided the property into buildable lots, obtained architectural designs for the homes, and had hired a builder to prepare the site (having obtained local approval for sewer connections). Edgartown scheduled a Special Town Meeting for July 27, 2006, for a vote to authorize the taking. During the two weeks prior to the meeting, local papers ran numerous articles, opinion pieces, and letters to the editor regarding the upcoming vote. Donovan represents that in these news items, as the owner of the parcel, he was repeatedly referred to pejoratively as the "Florida-based developer." Ultimately the support of Edgartown citizens for the taking was "overwhelmingly in favor."

[2] Rule 71A was redesignated as Rule 71.1 in 2007.

avoiding any question as to whether the decisions in *Erie R. Co. v. Tompkins* and later cases have application to a situation of this kind.

Fed.R.Civ.P. 71.1, Advisory Committee Notes, 1951 Amendment (emphasis added). The Committee's Original Report on subdivision (k) of the Rule stated that "[a]ny condition affecting the *substantial* rights of a litigant attached by state law is to be observed and enforced, such as making a deposit in court where the power of eminent domain is conditioned upon so doing.... [I]n cases involving the state power of eminent domain, the practice prescribed by other subdivisions of Rule 71[.1(k)] shall govern." (Emphasis added).

■ While there is very little case law addressing Rule 71.1(k), a recent federal decision sheds some light.

A few cases involving the exercise of the power of eminent domain under the law of a state reach the district courts under their diversity-of-citizenship jurisdiction.... These cases are governed by the federal procedure, ... but state laws affecting substantive rights must, of course, be given effect.... In general, then, when condemnation proceedings are had in federal court that involve the exercise of the power of eminent domain under the law of a state, the procedural provisions of [the Federal Rules] apply but the substantive law is that of the state. The state procedure as to the assessment of compensation must be followed....

*Phila. Reg. Port Auth. v. Approximately 1.22 Acres of Land,* 2008 WL 1018324, at

*14 (E.D.Pa. April 9, 2008), quoting 12 Wright, Miller & Cooper, *Federal Practice and Procedure* § 3055 (1973).

■ Massachusetts General Laws ch. 79, § 22 provides for the election of a jury trial as a matter of substantive right in an eminent domain case. Therefore, by operation of Rule 71.1(k), § 22, must be applied in a diversity land condemnation case. On the other hand, no Massachusetts condemnation case (or any other civil case for that matter) requires that the jury be drawn exclusively from a pool of local citizens.[3] It is true that the Massachusetts Superior Court draws its venire by custom from the county in which the Court sits, but it is not required to do so. In fact, given the relatively small population of Dukes County, the General Laws permit a Superior Court Justice to order the County Clerk to issue writs of venire facias to qualified jurors in any town of the Commonwealth when an insufficient number of Dukes County jurors is available. *See* Mass. Gen. Laws ch. 234, § 13.

■ The siting of the trial in Dukes County is a matter of venue. The Supreme Judicial Court has held (consistent with federal law) that venue is "a procedural matter" with "implications totally distinct from jurisdiction." *Markelson v. Dir. of the Div. of Employment Sec.,* 383 Mass. 516, 518, 420 N.E.2d 328 (1981). Venue "commonly has to do with geographical subdivisions, relates to practice or procedure, may be waived, and does not refer to jurisdiction at all." *Paige v. Sinclair,* 237 Mass. 482, 484, 130 N.E. 177 (1921).[4] "Rule 71[.1](k) mandates that, ex-

---

**3.** The Town cites *Connell v. Algonquin Gas Transmission Co.,* 174 F.Supp. 453 (D.R.I. 1959), a Rhode Island District Court case, to support its contention that the jury must be composed of Dukes County residents. The district court in *Connell* did not refer to Rule 71.1(k).

**4.** Shortly after the Federal Court adopted Rule 71.1(k), scholars predicted a swell in the number of federal diversity condemnation complaints. "Diversity jurisdiction enables a party to avoid the effect of [local prejudice] on judicial actions.... In defining this procedure, [federal] courts should assure the con-

cept for the issue of whether a jury may hear the case, a federal court hearing a condemnation case under a state's power of eminent domain must follow the procedures in Rule 71[.1]." *City of Arlington, Tex. v. Golddust Twins Realty Corp.*, 41 F.3d 960, 964 n. 2 (5th Cir.1994). *See also Village of Walthill, Neb. v. Iowa Elec. Light & Power Co.*, 228 F.2d 647, 653 (8th Cir.1956) ("It would seem that upon transfer to the Federal District Court the Federal Rules of Civil Procedure would apply to State proceedings properly transferred except as limited by Rule 71[.1](k), preserving the right to a jury trial if it existed in the State court.").

■ Under the federal venue statute, a diversity action may be brought "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." *See* 28 U.S.C. § 1391(a). Accordingly, venue in this case is clearly proper anywhere in the District of Massachusetts.

Local Rule 77.1(B) of the District of Massachusetts provides that "[a]ny judge of the court may, in the interest of justice or to further efficient performance of the business of the court, conduct proceedings at a special session at any time, anywhere in the district, on request of a party or otherwise." The court may convene all or part of the trial in Edgartown should it

determine that the jury would benefit from a view. However, the jury will be drawn from the pool of citizens in the Eastern Division of the District of Massachusetts as the court's Jury Plan provides.[5]

SO ORDERED.

---

demnor who fears local antagonism the right to choose his forum at the inauguration of the proceedings." Note, *The Mystery of Rule 71A(K): The Elusive Right to Federal Diversity Jurisdiction Over Condemnation Actions Au-*

*thorized by State Statute,* 64 Yale L.J. 600, 609 (1955).

5. *See http://www.mad.us courts.gov/jurors/federal-information.htm.*